

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00098-CR

WAYNETTA MARIA JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 41210-A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

O P I N I O N

Waynetta Maria Jackson entered an open plea of guilty to theft of property valued at less than $1,500.00 with two previous theft convictions. The charge was a state jail felony; Jackson was sentenced to twenty-two months' incarceration in state jail. Jackson's point of error on appeal complains that the trial court erred in failing to conduct, sua sponte, an informal inquiry into her competency. We affirm the trial court's judgment, as modified.

It is a fundamental principle of this nation's system of criminal justice "that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). Due process prohibits convictions of mentally incompetent persons. *Corley v. State*, 582 S.W.2d 815, 818 (Tex. Crim. App. 1979) (citing *Bishop v. United States*, 350 U.S. 961 (1956)). For this reason, "[n]o plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2012). "This constitutional right cannot be waived by the incompetent—by guilty plea or otherwise." *Bouchillon v. Collins*, 907 F.2d 589, 592 (5th Cir. 1990) (cited in *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005)). While a guilty plea may only be attacked on the basis that it was not knowing and voluntary, "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right[s] . . . ." *Pate v. Robinson*, 383 U.S. 375, 384 (1966). Also, a defendant must also be

2

mentally competent to be sentenced. *See Casey v. State*, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996) (per curiam).

A defendant is presumed competent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). However, "[i]f evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(b) (West Supp. 2012). "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West Supp. 2012). This suggestion of incompetency "is the threshold requirement for an informal inquiry . . . and may consist solely of a representation from any credible source that the defendant may be incompetent." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West Supp. 2012). "A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant." *Id.*[1]

We review a complaint that the trial court erred in not conducting an informal competency inquiry for an abuse of discretion. *Montoya*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009). Under this standard, we do not substitute our judgment for that of the trial court, but

---

[1]Effective September 1, 2011, Section c-1 was added to Article 46B.004. Before that time, the Texas Court of Criminal Appeals had determined that the requirement of conducting an informal hearing on competency was necessitated "[i]f a trial judge has a bona fide doubt about the competency of the defendant . . . ." *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). Truly bizarre behavior or a recent history of severe mental illness or moderate mental retardation was sufficient to create a bona fide doubt. *Id*. This procedure has now been changed, and the statute requires the trial judge to conduct the informal hearing if any credible source suggests incompetency, regardless of whether the trial judge has a bona fide doubt about the defendant's competency.

3

determine whether the trial court's decision was arbitrary or unreasonable. *Id.* A "person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006).

Prior to accepting Jackson's plea, the trial court questioned Jackson, who stated that (1) she wished to waive her right to a jury trial, (2) her attorney explained the plea papers to her, (3) she understood the documents, and (4) she made the decision to plead guilty on her own because she had committed the crime. Jackson informed the court that she "went to the 11th grade" in school and understood that "[a]t this time I'm pleading guilty to a theft charge." At this point, the trial court asked Jackson's counsel to "talk to [him] about [Jackson's] mental competency, please." Jackson's counsel stated, "Your Honor, Ms. Jackson and I have had numerous conversations, and based upon those conversations I have no doubt about her mental competency." Thereafter, Jackson claimed to understand the remainder of the trial court's admonishments. The trial court found that Jackson made her "plea freely and voluntarily, [and] that [she was] mentally competent."

This exchange supports the trial court's determination that Jackson fully understood the charges pending and was able to communicate with her attorney in a rational manner. We find there is no evidence from any source indicating that Jackson was mentally incompetent to stand trial.

Even so, the trial court specifically gave defense counsel an opportunity to raise any concerns about Jackson's competency and was advised of none. Under these circumstances, we find the trial court's own observations coupled with the inquiry to counsel regarding competency was a sufficient informal inquiry into Jackson's competence. *See Gray v. State*, 257 S.W.3d 825, 829 (Tex. App.—Texarkana 2008, pet. ref'd).

Next, Jackson's brief cites to testimony which occurred at the punishment hearing to suggest that the trial court should have also conducted an informal inquiry into Jackson's competence at this stage. During the hearing, Jackson asked for community supervision because she felt "like probation would be structured for me because state jail, I've been there and it's not helping me, and I feel like I need help rather than prison." She asked the judge to "have mercy on [her] and to consider [her] for Healthcore counseling." Her "grandmother died in [her] arms," and her "mother killed [her] father." Jackson's aunt, a mental health counselor, had previously assisted her when she "had a nervous breakdown back in 2006" and attempted to commit suicide. Jackson was previously diagnosed with "ADHD," "a compulsive disorder, a learning disability . . . PTSD . . . [a]nd . . . bipolar, schizophrenia." She testified that she was taking "Depakote and Prozac and Thorazine" at one time and would "be a better person in society to be able to become a productive citizen" if she could "get[] back on medication." Jackson said that she could not explain why she was stealing, but that she knew it was wrong.

With respect to why she did not complete the eleventh grade, Jackson testified:

I felt like I was a failure because I couldn't grasp -- I come so far, and to come out of special education and to not be able to pass the TAAS test I just felt like I couldn't pass it, grasp everything that's on there that I've never seen before and studied before going through special education. So I dropped out of school.

Jackson stated that she could read, had held a job as a "dishwasher and part prep cook," and would work if she was on community supervision. Jackson was thirty-six years old.

The relevant time frame for determining a person's competence is at the time of the proceedings. *Lasiter v. State*, 283 S.W.3d 909 (Tex. App.—Beaumont 2009, pet. ref'd). The law presumes Jackson's competence. Jackson's responses to questions were lucid, and her pleas to the court to grant her community supervision intelligent. Although Jackson had suffered from emotional issues in the past, there was no evidence in the form of a representation from any credible source suggesting that she may have been incompetent in the legal sense. There was no indication that she failed to possess the present ability to consult with her lawyer with a reasonable degree of rational understanding or that she did not have a rational, as well as factual, understanding of the proceedings against her. Further, the trial court had already conducted an informal inquiry prior to accepting Jackson's plea. Therefore, we find no abuse of discretion in the decision not to conduct, sua sponte, another informal inquiry into Jackson's competence during the sentencing phase.

However, we take an action of our own sua sponte. The Texas Rules of Appellate Procedure give this Court authority to modify judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act

6

sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)).

The statute of offense is listed in the trial court's judgment as "31.03(f)." This section increases the level of punishment if certain requirements, inapplicable to this case, are present. TEX. PENAL CODE ANN. § 31.03(f) (West Supp. 2012). Rather, Jackson's level of punishment was increased by Section 31.03(e)(4)(D), which provides that the offense is a state jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2012). The indictment confirms that Section 31.03(e)(4)(D) is the correct statute of offense. We modify the judgment accordingly.

We affirm the trial court's judgment, as modified.

Jack Carter
Justice

Date Submitted:     December 27, 2012
Date Decided:       December 28, 2012

Publish