ACCEPTED
01-12-00551-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/13/2015 3:35:47 PM
CHRISTOPHER PRINE
CLERK

**No. 01-12-00551-CR**

In the
**Court of Appeals for the First District of Texas**
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/13/2015 3:35:47 PM

CHRISTOPHER A. PRINE
Clerk

◆

**No. 1272297**
In the 179th District Court
Of Harris County, Texas

◆

# LOX GORME
*Appellant*
V.
# THE STATE OF TEXAS
*Appellee*

◆

STATE'S APPELLATE BRIEF

◆

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**JOSEPH ALLARD**
Assistant District Attorney
Harris County, Texas

**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
State Bar No. 24058991

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
Fax No.: 713/755-5809

*Counsel for Appellee*

ORAL ARGUMENT CONDITIONALLY WAIVED

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

**COUNSEL FOR THE STATE:**

Ms. Devon Anderson—District Attorney

Mr. Joseph Allard—Assistant District Attorney at sentencing hearing

Ms. Heather Hudson—Assistant District Attorney on appeal

**APPELLANT:**

Lox Gorme

**COUNSEL FOR APPELLANT:**

Mr. Steven Greenlee—Defense counsel at sentencing hearing

Ms. Daucie Schindler—Assistant Public Defender on appeal

**PRESIDING JUDGE:**

Hon. Randy Roll

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Tex. R. App. P. 39.1, the State waives oral argument because the briefs in this case adequately apprise this Court of the issues and the law. However, the State requests the opportunity to present argument if this Court deems it necessary.

**TABLE OF CONTENTS**

IDENTIFICATION OF THE PARTIES ....................................................................i

STATEMENT REGARDING ORAL ARGUMENT................................................ ii

INDEX OF AUTHORITIES................................................................................ iii

STATEMENT OF THE CASE.............................................................................1

STATEMENT OF FACTS ..................................................................................1

SUMMARY OF THE ARGUMENT ....................................................................3

REPLY TO APPELLANT'S SOLE POINT OF ERROR........................................4

    I.   Standard of review and applicable law.....................................................4

    II.  Relevant background.............................................................................6

    III. The trial court did not abuse its discretion in failing to conduct a sua sponte inquiry into appellant's competency. ......................................8

CONCLUSION AND PRAYER ..........................................................................10

CERTIFICATE OF COMPLIANCE ....................................................................11

CERTIFICATE OF SERVICE ............................................................................11

# INDEX OF AUTHORITIES

## CASES

*Brown v. State*,
129 S.W.3d 762 (Tex. App.--Houston [1st Dist.] 2004, no pet.) ...............................4

*Iniquez v. State*,
374 S.W.3d 611 (Tex. App.--Austin 2012, no pet.) ....................................................6

*Jackson v. State*,
391 S.W.3d 139 (Tex. App.--Texarkana 2012, no pet.) ..............................................8

*Montoya v. State*,
291 S.W.3d 420 (Tex. Crim. App. 2009) ...............................................................4, 5

*Moore v. State*,
999 S.W.2d 385 (Tex. Crim. App. 1999) ...............................................................4, 9

*Turner v. State*,
422 S.W.3d 676 (Tex. Crim. App. 2013) ...............................................................5, 9

*Villarreal v. State*,
935 S.W.2d 134 (Tex. Crim. App. 1996) ...................................................................4

## STATUTES

Acts 2011, 82nd Leg., ch. 822, §§ 2 & 21(b), p. 1895 & 1901, eff. Sept. 1, 2011 ...........5

TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2013) ........................................4

TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2013) ........................................4

Tex. Code Crim. Proc. Ann. art. 46B.004(b) (West 2013) ............................................4

TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West 2013) ........................................5

TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West 2012) .....................................8

TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West 2013) .....................................5

TEX. CODE CRIM. PROC. ANN. art. 46B.005 (West 2013) ............................................6

TEX. CODE CRIM. PROC. ANN. art. 46B.024 (West 2013) ............................................5

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of murder. (C.R. 3). On March 23, 2012, appellant waived his right to a trial by jury and pled guilty to the charged offense without an agreed recommendation as to punishment. (C.R. 55-56). On May 31, 2012, the trial court conducted a presentence investigation hearing. Appellant was convicted of murder and sentenced to 48 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. (C.R. 73-74). Appellant filed a timely written notice of appeal. (C.R. 75-76).

## STATEMENT OF FACTS

At the time of the offense, appellant lived with his sister, Ruth Fernandez, her four children, and her ex-husband, Paul Johnson. (1 R.R. 11). On July 20, 2010, Fernandez was in her bedroom with her 7-year-old daughter Brianna. (1 R.R. 13-14). Johnson, the complainant, was in the kitchen talking to his daughter Shaise while he washed dishes. (1 R.R. 14). Fernandez's other two children were upstairs. (1 R.R. 14).

Appellant appeared in Fernandez's bedroom doorway and confronted her about a note she had left him. (1 R.R. 14-15). The note accused appellant of deliberately leaving the front door open. (1 R.R. 48-50). Appellant walked into the bedroom with his hand hidden behind his back, and cursed at Fernandez "I'm not a

F-ing liar, you F-ing B." (1 R.R. 16). An argument ensued and appellant abruptly ran out of the room. (1 R.R. 16).

Appellant went to the kitchen, said Johnson's name, and shot him in the head without further warning. (1 R.R. 37). After seeing her father get shot, Shaise ran to the bathroom and locked the door. (1 R.R. 37-38). Appellant returned to the bedroom, held the gun to Fernandez's head, and asked her if she "wanted some of it." (1 R.R. 16-17). Appellant also pointed the gun at Brianna. (1 R.R. 17). Appellant then went upstairs to retrieve his bags, which he had packed in advance. (1 R.R. 18, 47).

Meanwhile, Fernandez grabbed Brianna and ran outside to call 911 from her cell phone. (1 R.R. 18). Shaise emerged from the bathroom a few minutes later and ran upstairs. (1 R.R. 38). She encountered appellant at the top of the stairway. (1 R.R. 38). Appellant put the gun to her head and said "F-you." (1 R.R. 38). Shaise ran and hid behind the computer desk. (1 R.R. 38).

Appellant casually strolled out of the house with his bags, and caught a Greyhound bus from Houston to Ottawa, Canada. (1 R.R. 19, 47). He was later apprehended at an airport where he was attempting to catch a flight to Singapore. (1 R.R. 60).

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion in failing to conduct a *sua sponte* informal inquiry into appellant's competency to stand trial. Although appellant was diagnosed with schizophrenia, his competency evaluation reflects that he had a rational and factual understanding of the proceedings against him, and possessed the ability to consult with his attorney with a reasonable degree of rational understanding. Appellant did not request a second competency evaluation prior to sentencing. Moreover, the trial court was not presented with evidence from any credible source suggesting that appellant was incompetent.

## REPLY TO APPELLANT'S SOLE POINT OF ERROR

In a single point of error, appellant contends that the trial court abused its discretion in failing to conduct a *sua sponte* inquiry into appellant's competency to stand trial.

### I. *Standard of review and applicable law.*

A trial court's failure to conduct a competency hearing is reviewed for an abuse of discretion. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999); *Brown v. State*, 129 S.W.3d 762, 764 (Tex. App.--Houston [1st Dist.] 2004, no pet.). The reviewing court does not substitute its judgment for that of the trial court, but determines whether the trial court's decision was arbitrary or unreasonable. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009).

A defendant is presumed competent to stand trial unless proven incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2013). A person is deemed incompetent if he lacks: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. *Id.* art. 46B.003(a).

If evidence suggesting that the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent. *Id.* art. 46B.004(b). The court shall then determine by informal inquiry whether there is some evidence from any source that

4

would support a finding of incompetency. *Id.* art. 46B.004(c). A suggestion of incompetency "may consist solely of a representation from any credible source that the defendant may be incompetent." *Id.* art. 46B.004(c-1). Prior to the amended version of Article 46B.004, the evidence had to raise a *bona fide* doubt in the judge's mind regarding the defendant's competency to stand trial. *See Montoya*, 291 S.W.3d at 425, *superseded by statute*, Acts 2011, 82nd Leg., ch. 822, §§ 2 & 21(b), p. 1895 & 1901, eff. Sept. 1, 2011, *as recognized in Turner v. State*, 422 S.W.3d 676, 692 n.32 (Tex. Crim. App. 2013). The current version of the statute provides that the trial court is no longer required to have a *bona fide* doubt as to the defendant's competency. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West 2013). Instead, the evidence suggesting incompetency "may be based on observations made in relation to one or more of the factors described by Article 46B.024[1] or on any other indication that the defendant is incompetent within the meaning of Article 46B.003." *Id.*

If, after making an informal inquiry, the trial court determines that evidence exists to support a finding of incompetency, the trial court must order a psychological examination and conduct a formal competency hearing. TEX. CODE CRIM. PROC.

---

[1] Article 46B.024 sets forth various factors associated with competency, such as the defendant's capacity: to rationally understand the charges against him and the potential consequences of the pending criminal proceedings; to disclose to counsel pertinent facts, events, and states of mind; to engage in a reasoned choice of legal strategies and options; to understand the adversarial nature of criminal proceedings; to exhibit appropriate courtroom behavior; and to testify. TEX. CODE CRIM. PROC. ANN. art. 46B.024(1) (West 2013). Other relevant factors include the defendant's history of mental illness and the impact of that mental illness on the defendant's capacity to engage with counsel in a reasonable and rational manner. *Id.* art. 46B.024(2),(4).

ANN. art. 46B.005(a),(b) (West 2013); *Iniquez v. State*, 374 S.W.3d 611, 615 (Tex. App.--Austin 2012, no pet.).

II.    *Relevant background.*

On March 3, 2011, appellant's trial counsel filed a pretrial motion for a psychiatric examination to assess appellant's competency to stand trial. (C.R. 8). The trial court immediately granted the motion. (C.R. 9). On May 27, 2011, a competency evaluation was conducted by licensed psychologist Ramon A. Laval. (C.R. 14-17). The evaluation reflects that appellant reported hearing "voices that never stop." (C.R. 15). Appellant stated that he had been diagnosed with paranoid schizophrenia, and that he had been taking Zyprexa. *Id.* Appellant also indicated that he had been "self-medicating with alcohol." *Id.* Appellant's medical chart from the Harris County Jail indicated that he received a psychiatric assessment on March 2, 2011, at which time he reported he was suffering from depression and experiencing auditory hallucinations. *Id.* Appellant was diagnosed with major depressive disorder, recurrent with psychotic features. *Id.* He was prescribed antipsychotic and antidepressant medication. *Id.*

During a health assessment on March 11, 2011, appellant was coherent and did not appear to be psychotic or suicidal. *Id.* At a follow-up psychiatric assessment on April 16, 2011, appellant reported that he was still experiencing auditory hallucinations, "but not as much as before." *Id.* Appellant's diagnosis was changed to schizophrenia, paranoid type. *Id.*

During the court-ordered competency evaluation on May 27, 2011, Dr. Laval observed that appellant was able to communicate in a clear and coherent manner, and that his thought processes were organized, logical and goal directed. *Id.* Appellant reported that he continued to experience hallucinations despite his medication. *Id.* pp. 15-16. Dr. Laval diagnosed appellant with a "psychotic disorder not otherwise specified and alcohol dependence." *Id.* p. 16. Dr. Laval concluded that appellant had a clear and rational understanding of the charges against him and the possible consequences of conviction. *Id.* In addition, Dr. Laval noted that appellant had the ability to disclose to counsel pertinent facts, events and states of mind associated with the alleged offense. *Id.* Appellant was able to think rationally and coherently, and demonstrated an ability to engage in reasoned choices of legal strategies. *Id.* Dr. Laval also found that appellant possessed a sufficient understanding of the adversarial nature of prosecution, he demonstrated the ability to behave appropriately in court, and he was psychiatrically stable enough to testify on his own behalf. *Id.* pp. 16-17. Dr. Laval opined that appellant was competent to stand trial. *Id.* p. 17.

Appellant subsequently pled guilty to the charged offense and a sentencing hearing was held on May 31, 2012. A presentence investigation report dated May 25, 2012 was offered into evidence at the hearing. *See* (State's Exhibit 5). The PSI report reflects that appellant reported that he was feeling better and was no longer hearing voices. *Id.* at p. 7. Appellant's trial attorney objected to the admission of the PSI report, stating that appellant had reviewed it and had indicated that he was still

hearing voices. (1 R.R. 5). Appellant clarified that the voices were "just not as loud." (1 R.R. 5). The trial court took notice of the objection, and neither party requested a competency inquiry. (1 R.R. 6).

III. *The trial court did not abuse its discretion in failing to conduct a sua sponte inquiry into appellant's competency.*

Appellant contends that the trial court should have conducted an informal competency inquiry prior to sentencing on May 31, 2012 based upon appellant's history of mental illness, the competency evaluation conducted by Dr. Laval, and appellant's representation to the court that he was still hearing voices.

At the time of the presentence investigation hearing, the statutory amendments to Article 46B.004 provided that the trial court was no longer required to have a *bona fide* doubt as to the defendant's competency to stand trial before conducting an informal inquiry. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West 2012). Under the controlling version of the statute, the threshold requirement for conducting an informal competency inquiry is whether there is evidence from any credible source that appellant may be incompetent. *See Jackson v. State*, 391 S.W.3d 139, 141 n.1 (Tex. App.--Texarkana 2012, no pet.) (applying the amended version of the statute to hold that the trial court must conduct an informal hearing if any credible source suggests incompetency).

In the instant case, the trial court granted appellant's request for a competency evaluation. Although the evaluation reflects that appellant had been diagnosed with

8

schizophrenia and reported experiencing auditory hallucinations, the fact that a defendant suffers from a mental illness does necessarily indicate that he is incompetent to stand trial. *Turner*, 422 S.W.3d at 691; *Moore*, 999 S.W.2d at 395. The relevant inquiry is whether the evidence suggests that the defendant's mental illness "operates in such a way as to prevent him from rationally understanding the proceedings against him or engaging rationally with counsel in the pursuit of his own best interests." *Turner*, 422 S.W.3d at 691. Here, Dr. Laval concluded that appellant possessed the ability to consult with counsel with a reasonable degree of rational understanding, and had the ability to understand the pending charges and criminal proceedings against him. (C.R. 17).

Furthermore, the trial court was not obligated to conduct another competency inquiry based on appellant's representation that he was continuing to hear voices at a lower level of intensity. Appellant was experiencing auditory hallucinations at the time of his psychiatric examination, and was still deemed competent to stand trial.

Moreover, the trial court was presented with evidence that an informal inquiry was unnecessary based on the factors set forth in Article 46B.024. The trial court could have determined that appellant had the ability to consult with his attorney considering that appellant reviewed the PSI report and disclosed to his attorney the pertinent fact that he was still hearing voices. Appellant also presented coherent testimony that he unintentionally shot the complainant, and that he was sorry for his actions. (1 R.R. 55, 57-58, 69). In addition, appellant testified that he understood he

9

was in court for a sentencing hearing, he understood that he had previously entered a plea of "guilty," and he recalled being admonished of his constitutional rights. (1 R.R. 42-44).

Absent any evidence that appellant's mental illness rendered him incapable of consulting with his attorney with a reasonable degree of rational understanding, or that appellant lacked the ability to understand the proceedings against him, the trial court did not abuse its discretion in failing to conduct a second informal competency inquiry. As such, appellant's sole point of error should be overruled.

## CONCLUSION AND PRAYER

It is respectfully submitted that all things are regular and the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar No. 24058991
hudson_heather@dao.hctx.net
curry_alan@dao.hctx.net

10

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 2,199 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar No. 24058991

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been submitted for service by e-filing to the following address:

Daucie Schindler
Assistant Public Defender
1201 Franklin, 13th Floor
Houston, Texas 77002
Tel: (713) 247-6717
Fax: (713) 368-9278
Daucie.Schindler@pdo.hctx.net

/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar No. 24058991

Date: 2/13/2015

11