

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00016-CR

VERNON BUNCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 53,486-E, Honorable Douglas Woodburn, Presiding

August 27, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Vernon Bunch appeals the trial court's revocation of his deferred adjudication community supervision and resulting sentence. Through one issue he asserts the court erred by failing to suggest his incompetency and conduct an informal inquiry, *sua sponte*. We will affirm.

Background

Appellant was placed on deferred adjudication community supervision for theft of more than $1,500 but less than $20,000.[1]  The State later moved to proceed with adjudication of guilt and appellant plead true to four violations of community supervision. He appeared before the court for the assessment of punishment, without an agreement with the State.

On the day of the hearing, appellant signed a plea document which, among other things, acknowledged his competency.  His court-appointed counsel assisted. Appellant's counsel announced ready for the hearing.  Appellant testified, and was the only witness.

Early in his testimony appellant told the court he had "a mouth full of stitches so it's kind of hard for me to talk . . . ."  Shortly thereafter, as appellant answered a direct-examination question, the court interrupted and admonished him, "I cannot understand one word that you're saying."  Appellant resumed testifying and the court again admonished him, "I cannot understand you."  The reporter also told appellant, "You need to slow down."

Direct examination resumed.  Some of appellant's answers to the questions were lengthy.  A narrative response consumed over one page of the reporter's record.  The court made no further admonishments although the reporter again told appellant to slow

---

[1] TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2014).  Based on the alleged value, the charge against appellant was punishable as a state jail felony.  *Id.* at 31.03(e)(4).

down. When asked by the court if he had "anything else" appellant responded, "I guess that's it, sir."

The prosecutor then cross-examined appellant. No one expressed difficulty hearing or understanding this testimony. No other evidence was offered. The court revoked appellant's community supervision and imposed a sentence of two years' confinement in a state jail, a fine of $100, and restitution.

Analysis

In his sole issue, appellant asserts the trial court reversibly erred by failing, *sua sponte*, to raise the issue of his competency and conduct an informal inquiry of competency to stand trial. The only basis appellant suggests for such an inquiry is the presence of stitches in his mouth, assertedly limiting his ability to testify.

But appellant's brief states that "the full procedures" of Chapter 46B of the Code of Criminal Procedure (incompetency to stand trial) were not necessary. Rather, he asserts, a "recess" until his stitches were removed would have sufficed.[2] We think appellant's real complaint on appeal is the trial court should have granted a continuance on its own motion. Such an argument, on this record, has no merit. Not only did appellant fail to give the court any hint he desired that the hearing be postponed, he made no showing of evidence he could not offer,[3] or assistance he was unable to give

---

[2] Appellant did not request a continuance.

[3] Appellant had prepared a letter he desired the court to read prior to his testimony. When the court instructed appellant instead to tell the court what he wanted to say, appellant complied and testified as noted. Appellant's letter is not in the record, and nothing shows it contained any information other than that to which appellant testified.

his counsel until his stitches were removed. The record, to the contrary, shows appellant testified at some length. In short, nothing shows appellant was actually prejudiced by proceeding with the hearing. *Cf. Janecka v. State,* 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (per curiam) (establishing abuse of discretion requires showing defendant was actually prejudiced by denial of motion for continuance). The trial court can hardly be faulted here for failing to act in the manner appellant argues on appeal when the record supplies no basis.

Moreover, even assuming Chapter 46B had proper application here, we see no abuse of discretion in the trial court's handling of appellant's temporary disability from the stitches in his mouth.

Whether a trial court should have conducted an informal competency inquiry is reviewed under the abuse of discretion standard. *Jackson v. State,* 391 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.) (citing *Montoya v. State,* 291 S.W.3d 420, 426 (Tex. Crim. App. 2009)). Our analysis under this standard considers whether the trial court's decision was arbitrary or unreasonable. *Id.*

A defendant's competency to stand trial is presumed. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A "person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a); *McDaniel v. State,* 98 S.W.3d 704, 709 (Tex. Crim. App. 2003) (quoting *Drope v. Missouri,* 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975) ("A person

4

whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial").

"If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004 (West Supp. 2014). "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c). A "suggestion of incompetency is the threshold requirement for an informal inquiry . . . and may consist solely of a representation from any credible source that the defendant may be incompetent." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1).

We need not consider whether, as appellant argues, a physical disability like that he experienced might cause incompetency under Chapter 46B of the Code of Criminal Procedure. The record shows the trial court took pains to hear appellant's testimony. If appellant's condition suggested incompetency, the trial court's exchanges with appellant, and its admonitions to speak more clearly, properly may be seen as an informal inquiry into the extent of his disability. Aided by the court's admonitions, and those of the court reporter, appellant made his case for lenient treatment. As noted, in response to one question from his counsel, appellant gave a narrative response that occupies over a page of the reporter's record and later, in response to the court's question asking if he had more to say, said, "I guess that's it, sir." If an informal inquiry

5

was required into appellant's competency to stand trial despite oral stitches that hindered his speaking ability, we find the court's actions satisfied the requirement.

## Conclusion

Finding no abuse of discretion, appellant's sole issue is overruled. The judgment of the trial court is affirmed.


James T. Campbell
Justice

Do not publish.