**AFFIRMED and Opinion Filed December 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-21-00504-CR
No. 05-21-00505-CR
No. 05-21-00506-CR
No. 05-21-00507-CR
No. 05-21-00508-CR
No. 05-21-00509-CR
No. 05-21-00510-CR

**BRYAN MATTHEW CAHILL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 380-82183-2019; 380-82184-2019; 380-82185-2019;**
**380-82186-2019; 380-82187-2019; 380-82195-2021; 380-82196-2021**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Reichek

Bryan Matthew Cahill appeals his convictions for aggravated assault of a public servant, aggravated assault with a deadly weapon, and evading arrest with a motor vehicle. Bringing two issues, appellant contends the trial court erred by failing to conduct an informal inquiry as to his competence to stand trial and in denying his motion for an additional mental examination. For the reasons that follow, we affirm the trial court's judgments.

## Background

The charges against appellant arose from a traffic stop conducted on March 29, 2019 by DPS Trooper Travares Webb. Although appellant initially complied with the stop, he then fled in his vehicle, precipitating a high speed chase. The chase ended in appellant's apartment complex where appellant exited his vehicle, withdrew a rifle, and began shooting at Webb. Webb and appellant exchanged fire, during which Webb was shot in the leg. After Webb was shot, appellant was able to retreat to his apartment and barricade himself inside.

Additional police officers, including a S.W.A.T. team, were dispatched to the complex. Appellant and the officers engaged in a standoff for over twelve hours during which appellant continued to fire shots using multiple guns. The officers were eventually able to breach the apartment door and appellant's bedroom door and take appellant into custody.

On April 16, 2019, appellant filed a motion requesting a mental examination to determine whether he was competent to stand trial. The motion, which was filed in a separate cause, asserted appellant had a history of mental illness and was experiencing delusions in jail such as the CIA being involved in his case. The motion was granted and the court appointed Dr. Mitchell Dunn to conduct the examination. Although Dr. Dunn apparently wrote a report, it was not filed as part of the record in the causes before us. The record indicates, however, that Dr. Dunn concluded appellant was competent, and the trial court reviewed Dr. Dunn's report.

Six months later, appellant filed motions requesting an additional medical examination and the appointment of a mitigation expert. Appellant contended that, while in jail, he had "exhibited continued signs of mental aberration." At the hearing on the motion, defense counsel, David Haynes, referenced the previous report by Dr. Dunn concerning appellant's competence to stand trial, but stated there was additional evidence that "all is not right with Mr. Cahill." Haynes stated appellant told him he had been visited in jail by representatives of the district attorney's office, but there was no indication that any such meeting took place. Appellant also told him that a CIA representative attended his arraignment and he later saw the same person working on the telephone in his cell. Based on this, Haynes stated he was concerned "that maybe he isn't competent to stand trial, or maybe there is an issue about his mental state at the time of the alleged offenses." Counsel further stated, "I understand it's kind of unusual to look at that twice, but that's the reason I bring it up." The trial court granted the request for a mitigation expert and took the request for a second medical examination under advisement. The motion for an additional medical examination was denied a few days later.

Appellant's trial began on June 7, 2021. Before appellant was brought to the court room, the judge discussed an apparent telephone conversation appellant had with his mother the night before in which appellant stated he intended to attempt suicide. The judge asked that everyone in the courtroom remain vigilant and stated he intended to keep appellant's legs and one of his hands restrained.

–3–

The judge was then informed that appellant was refusing to dress in street clothes, and instead opting to wear his prison uniform. The judge brought appellant in and asked if he wanted to wear "regular clothes" during trial. Appellant responded, "I'd like to, I just couldn't manage to – it was such a problem last time that I didn't want to repeat that." The judge expressed the opinion that it could be prejudicial for him to appear in court wearing his prison uniform and appellant agreed to "dress out."

When appellant returned to the courtroom in street clothes, the trial court reviewed the charges against him and the ranges of punishment for each charge. The judge asked appellant if he understood the punishment ranges and appellant stated that he did. The judge further stated it was his understanding that appellant intended to plead guilty without a plea agreement and that a jury would assess his punishment. The judge warned appellant concerning the possible consequences of his plea and appellant stated he understood. The following exchange then occurred:

> The Court: Based on my observation, Mr. Haynes, Mr. Cahill appears to be competent to proceed. Do you have an opinion as to whether your client is competent?

> Mr. Haynes: Your Honor, I've been representing him for 26 months now, he's a troubled man but I believe that he is competent to stand trial.

> The Court: All right. The court finds Mr. Cahill competent based on observation and the representation of counsel. I will also find that [] Mr. Cahill's plea of guilty is free and voluntary. Mr. Cahill, you have the right to have the indictments against you read out loud, would you like them read out loud or do you waive the reading of the indictments?

–4–

The Defendant:  I waive the reading.

The Court:  Sir, what is your plea to each of the seven indictments?

The Defendant:  Guilty.

The Court:  Are you pleading guilty freely and voluntarily?

The Defendant:  Yes.

The Court:  Has anyone pressured you to plead guilty?

The Defendant:  No.

The Court:  Has anyone promised you a reward to get you to plead guilty?

The Defendant:  No.

The Court:  I will again make the finding that Mr. Cahill's plea is free and voluntary and that he is competent. . . .

Both sides then announced ready and proceeded with the punishment phase of trial.

During trial, extensive testimony was presented concerning appellant's mental health issues.  Appellant's mother testified that appellant had exhibited behavioral problems since birth.  As he got older, he was placed in various mental health programs and facilities, as well as drug and alcohol rehabilitation programs.  She stated that appellant began exhibiting signs of paranoia in 2018 such as believing his neighbors were trying to poison him.  Antipsychotic medication was found in appellant's apartment, and appellant was medicated throughout his time in jail.

Appellant was examined by a clinical psychologist, a clinical neuropsychologist, and a neuroscientist.  Both the psychologist and the

neuropsychologist agreed appellant was suffering from significant cognitive decline and probably met the criteria for a variety of mental health disorders including schizophrenia, anxiety disorder, obsessive compulsive disorder, panic disorder, Asperger's spectrum disorder, chronic drug abuse, and alcohol dependence. The neuroscientist reviewed images of appellant's brain and testified the imaging data showed a range of abnormalities, some of which were consistent with mental illness and traumatic brain injury.

Early on in the proceedings, the judge noted outside the presence of the jury that appellant was taking notes and able to assist in his defense. Accordingly, the judge had the restraint on appellant's hand removed. Later on, however, the judge reprimanded appellant for speaking, mumbling, and gesturing while witnesses were testifying. In one instance, appellant stated "Bullshit" in response to a witness's testimony. The judge responded, "Mr. Cahill, don't make me warn you again. I don't want to hear any comments on the questions or the answers and certainly not any profanities. Do you understand me?" When appellant stated he wasn't sure, the judge said "I don't want to hear your voice unless you are testifying, do you understand?" Appellant responded, "Yes, I understand."

As the verdicts were read and sentences pronounced, appellant began laughing and said, "Good times, man." The judge again reprimanded appellant and suggested that he could make things worse for him while in prison with a strongly worded

letter. The judge then asked "What do you think?" Appellant responded, "I think you can reach out to who you want. Be as dirty as you like."

Appellant was sentenced to life in prison in connection with each of the charges for aggravated assault of a public servant. Punishment was assessed at twenty years in prison for the aggravated assault with a deadly weapon charge and ten years in prison for the charge of evading arrest with a motor vehicle. Appellant timely brought this appeal.

## Analysis

### I. Request for Additional Mental Examination

In his second issue, appellant contends the trial court erred in denying his request for a second mental health examination. We review the trial court's decision to appoint a disinterested expert to examine a defendant with regard to competency to stand trial for an abuse of discretion. *Bigby v.State*, 892 S.W.2d 864, 885 (Tex. Crim. App. 1994). If a defendant is found competent to stand trial, the court "is not obligated to revisit the issue later absent a material change of circumstances suggesting that the defendant's mental status has deteriorated." *Turner v. State*, 422 S.W.3d 676, 693 (Tex. Crim. App. 2013).

In this case, appellant's motion requesting a second competency evaluation was filed only six months after the first evaluation was conducted. The motion was based on essentially the same behavior referenced in support of his initial request. In arguing for an additional evaluation, the defense stated only that there was

"continuing evidence that all is not right." The defense presented nothing to show appellant's mental status had deteriorated since his previous examination. "A defendant does not have a due-process right to 'shop' for experts – at government expense – until he unearths a person who supports his theory of the case." *Ex parte Jimenez*, 364 S.W.3d 866, 877 (Tex. Crim App. 2012) (quoting *Taylor v. State*, 939 S.W.2d 148, 152 (Tex. Crim App. 1996) (en banc)).

Appellant argues on appeal that the trial court's refusal to grant his request for a second evaluation prevented him from presenting medical evidence of his mental illness at trial to mitigate punishment. But, as acknowledged by appellant in his brief, the trial court granted his request for a mitigation expert. Furthermore, the initial medical expert appointed by the court, Dr. Dunn, was authorized to examine appellant not only regarding his competence to stand trial, but also his mental status at the time of the alleged offenses, and the possible mitigating effect his mental or emotional conditions might have on punishment. Appellant presents no argument that Dr. Dunn could not adequately assist him in his defense. *See id.* (trial court may deny further expert assistance unless defendant proves original appointed expert inadequate). We resolve appellant's second issue against him.

## II. Informal Inquiry

In his first issue, appellant contends the trial court erred in failing to conduct an informal inquiry into appellant's competency to stand trial. A defendant is incompetent to stand trial if he does not have a sufficient present ability to consult

–8–

with his lawyer or a rational, as well as a factual, understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003. The fact that a defendant is mentally ill does not, by itself, mean he is incompetent. *George v. State*, 446 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

Contrary to appellant's assertion, the record shows the trial court conducted an informal inquiry into his competence. Before trial began, the judge questioned appellant about his understanding of the charges against him and their corresponding ranges of punishment. The judge further questioned appellant about his plea and its consequences. The judge then asked defense counsel about his opinion of appellant's competency. Defense counsel responded that, after observing appellant for the previous twenty-six months, he believed appellant was competent to stand trial. In making an informal inquiry, the court was not required to follow any specific protocols, and its questioning of defense counsel, together with its own observations of appellant's understanding of the proceedings against him, was sufficient. *See id.; Jackson v. State*, 391 S.W.3d 139, 142 (Tex. App.—Texarkana 2012, no pet.). "A trial court's first-hand factual assessment of a defendant's competency is entitled to great deference on appeal." *George*, 446 S.W.3d at 500.

Appellant points to the fact that, several days before trial, defense counsel informed the trial court that appellant had not yet decided on his plea. Appellant argues this demonstrates he may not have had sufficient present ability to consult with his lawyer. The statement made by defense counsel was that he thought

–9–

appellant was going to plead guilty but, in a recent conversation, appellant indicated he might not. This does not show that appellant was unable to consult with his lawyer, but only that he was weighing his options.

Appellant also points to his initial unwillingness to change out of his prison uniform as "unusual behavior" signaling incompetence. But appellant merely stated he had previous problems with changing into street clothes that he did not want to repeat. When the trial court explained the possible prejudice he could suffer by appearing before the jury in his prison uniform, appellant was immediately compliant.

After trial began, the judge continued to observe appellant and his conduct. The judge commented that appellant was taking notes during witness testimony and assisting in his defense. Appellant argues his repeated mumblings and "outbursts" during trial should have raised doubts as to his competency. But appellant's interruptions were largely responsive to the testimony being given and the verdicts rendered against him, showing his understanding of the proceedings. His failure to comply with the trial court's directions concerning proper courtroom decorum is more consistent with obstinacy than incompetence. *See id.* at 501; *Lindsey v. State*, 544 S.W.3d 14, 25–26 (Tex. App.—Houston [14th Dist.] 2018, pet ref'd). Considering the record as a whole, we conclude the trial court properly conducted an informal inquiry into appellant's competence to stand trial and did not abuse its

discretion by determining appellant was competent.  We overrule appellant's first issue.

We affirm the trial court's judgments.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210504F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRYAN MATTHEW CAHILL,
Appellant

No. 05-21-00504-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82183-
2019.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this December 21, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRYAN MATTHEW CAHILL,
Appellant

No. 05-21-00505-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas Trial Court Cause No. 380-82184-2019.
Opinion delivered by Justice Reichek. Justices Schenck and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 21, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRYAN MATTHEW CAHILL,
Appellant

No. 05-21-00506-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82185-
2019.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 21, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRYAN MATTHEW CAHILL,
Appellant

No. 05-21-00507-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82186-
2019.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

     Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered December 21, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRYAN MATTHEW CAHILL,
Appellant

No. 05-21-00508-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82187-
2019.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered December 21, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRYAN MATTHEW CAHILL,
Appellant

No. 05-21-00509-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82195-2021.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 21, 2022



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

BRYAN MATTHEW CAHILL,
Appellant

No. 05-21-00510-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82196-
2021.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered December 21, 2022