

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00088-CR
_____

TERRY LEE CUEVAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28753

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

The trial court placed Terry Lee Cuevas on deferred adjudication community supervision in February 2021.[1] After a hearing on the State's motion to adjudicate, the trial court adjudicated Cuevas guilty, revoked his supervision, and sentenced him to ten years' incarceration.

On appeal, Cuevas claims the trial court should have conducted an informal inquiry into Cuevas's competency to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c). We find, based on the record before us, that the trial court did conduct an informal inquiry and that its finding that Cuevas was competent to stand trial was not an abuse of discretion. We, therefore, overrule Cuevas's point of error and affirm the trial court's judgment.

## I. Background[2]

In February 2021, Cuevas pled guilty to aggravated assault with a deadly weapon, and the trial court placed him on deferred adjudication community supervision. After two modifications, in December 2021 and October 2023, the State moved to adjudicate Cuevas in January 2024.

The trial court held an adjudication hearing in April 2024. At the adjudication hearing, Cuevas testified, as relevant to this discussion, as follows:

- "I have mental health completely at all times because I hear things, I see things, I talk to people, I talk to myself";

- "I can't read and write. . . . I've got the mind of a 12-year-old";

- I have to go to a psychiatrist . . . because I don't understand this," evidently referring to the adjudication proceeding; and

---

[1]Cuevas entered into a plea agreement with the State and pled guilty to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.).

[2]Cuevas pled not true to the State's three allegations, and the trial court found two of those to be true.

2

- ”In my mind, it don't work like a normal mind. . . . I'm a schizophrenic.”

## II. Defendant Must Be Competent to Stand Trial

"A fundamental principle of our criminal justice system is 'that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.'" *Anthony v. State*, 531 S.W.3d 739, 740 (Tex. App.—Texarkana 2016, no pet.) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). "Due process prohibits the conviction of a mentally incompetent person." *Id.* (citing *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013)). "These principles apply to adjudication proceedings." *Id.* "An assertion that a defendant was not competent at the time of the adjudication hearing . . . raises a preliminary due-process issue that must be resolved before the adjudication process may begin." *Durgan v. State*, 240 S.W.3d 875, 878 (Tex. Crim. App. 2007) (citing *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996)).

"The Legislature has codified this due-process requirement by setting forth a substantive and procedural framework for making competency determinations to ensure that legally incompetent criminal defendants do not stand trial." *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018) (citing TEX. CODE CRIM. PROC. ANN. arts. 46B.003, 46B.004, 46B.005). "Substantively, incompetency to stand trial is shown if the defendant does not have: '(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person.'" *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)).

3

## III.    Standard of Review

"We review a complaint that the trial court erred in not conducting an informal competency inquiry for an abuse of discretion." *Jackson v. State*, 391 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.); *see Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles." *Rogers v. State*, 183 S.W.3d 853, 857 (Tex. App.—Tyler 2005, no pet.) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)); *see State v. Lerma*, 639 S.W.3d 63, 68 (Tex. Crim. App. 2021).

"[T]hat a defendant is mentally ill does not by itself mean he is incompetent." *Turner v. State*, 422 S.W.3d 676, 691 (Tex. Crim. App. 2013); *see McDaniel v. State*, 98 S.W.3d 704, 711 (Tex. Crim. App. 2003).

In *Boyett*, the Texas Court of Criminal Appeals described three areas of focus when a trial court conducts an informal inquiry. Noting Article 46B.004(c)'s requirement of "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial,"[3] the court pointed out that it had previously "described the statutory 'some evidence' standard as requiring 'more than none or a scintilla' of evidence that 'rationally may lead to a conclusion of incompetency.'" *Boyett*, 545 S.W.3d at 564 (quoting *Turner*, 422 S.W.3d at 692). Next, the "trial court must consider only evidence of incompetency, and it must not weigh evidence of competency against the evidence of incompetency." *Id.* The Texas Court of

---

[3]*Boyett*, 545 S.W.3d at 563 (quoting Tex. Code Crim. Proc. Ann. art. 46B.004(c)).

Criminal Appeals repeated its holding in *Turner*, stating, "'[A] trial court must consider only that evidence tending to show incompetency' and 'put[] aside all competing indications of competency.'" *Id.* (second alteration in original) (quoting *Turner*, 422 S.W.3d at 692). "[A]t the informal inquiry stage, 'the standard for requiring a formal competency trial is not a particularly onerous one—whether putting aside the evidence of competency, there is more than a scintilla of evidence that would support a rational finding of fact that the accused is incompetent to stand trial.'" *Id.* (quoting *Turner*, 422 S.W.3d at 696).

Finally, "some evidence must be presented at the informal inquiry stage to show that a defendant's mental illness is the source of his inability to participate in his own defense." *Id.* *Boyett* made clear that, even if evidence of mental illness is present, "there must be some evidence" that the "refusal to rationally engage with counsel," or, here, the defendant's failure to understand the proceedings against him, "is caused by his mental illness." *Id.* (citing *Turner*, 422 S.W.3d at 696).

## IV.    Analysis

Cuevas argues that the "trial court erred in not conducting an informal inquiry into [his] competency because there was 'some evidence.'" Cuevas made statements to the trial court that he needed to see a psychiatrist because he did not "understand this," where he seemed to be referring to the adjudication hearing and process. When asked whether he understood the additional requirements imposed on him at a hearing six months before the adjudication hearing, Cuevas said he "understood part of it." Cuevas also points to his statements to the trial court that

he was schizophrenic and had received mental-health treatment. The follow-up to Cuevas's statement about not understanding "this" ran as follows:

Q. [(By Defense Counsel):] What are you asking for here today Mr. Cuevas?

A. [(By Cuevas):] I'd like to get -- I know I done wrong but, you know, I've never done this in my life. I'd like to just go down for the time and get out and be with my family. I've never done this. I don't go out and cause trouble. I don't do nothing but stay home and go to work. But I have to go to a psychiatrist --

Q. You understand --

A. -- because I don't understand this.

Q. Do you understand that when this Court or any other court requires you do conditions of probation that they mean it?

A. In my mind, it don't work like a normal mind. . . . I don't understand a lot of it. You understand? Like when I go to probation -- I'm a schizophrenic. The people around me -- I can't even go outside half the time because I just -- I'd rather stay in the house, you know. And I know I should've -- I don't know, because I'm not all here in my right mind a lot.

Q. Well, you're sitting here answering my questions --

A. Yes.

Q. and making eye contact with me. So you're saying you're having a spell at the moment?

A. Huh?

Q. Are you having a spell right now?

A. Yes, sir. Yes, sir. That is why I'm sitting here talking like this, it's just -- it hits. When it hits it hits.

Q. You're asking to be reinstated on probation?

A. Yes, sir.

6

Assuming, without finding, that Cuevas's statements were enough to create a suggestion of incompetency, on review of the entire record, we find that the trial court did in fact conduct an informal inquiry into Cuevas's competency.[4] *See Gray v. State*, 257 S.W.3d 825, 828 (Tex. App.—Texarkana 2008, pet. ref'd) (finding that record demonstrated trial court in fact conducted informal inquiry into defendant's competency).[5] After both sides closed and presented argument, the trial court made the following statement:

> Mr. Cuevas has brought up an issue regarding possible mental health issues so I believe it's important the Court make some personal observations regarding Mr. Cuevas and his testimony. Mr. Cuevas exhibited appropriate courtroom behavior, maintained eye contact with those that were questioning him. He sat here for a lengthy amount of time today and the Court has had an opportunity to watch him over the last two and a half hours sitting on the bench. Didn't have a problem out of him at all. I watched his attorney interact with him, as well as the attorney's assistant. So, there was no improper behaviors. Improper behaviors would normally lead a court to believe that someone was having some difficulties[,] and I did not observe any of that.
>
> His responses were deflections of any sort of guilt or violation. He did indicate he was nervous and so forth. That's a normal reaction though. The Court having -- this judge having sat up here for nearly eight years, it's common to see people who get nervous when put in a situation like this.
>
> . . . .[6]
>
> . . . . In terms of other findings the Court does find Mr. Cuevas to be mentally competent. The Court has no doubt in his mind that he meets the test regarding legal competency as far as the Court goes. He may have some other mental issues

---

[4]The purpose of the informal inquiry is to determine whether the issue of incompetency to stand trial is sufficiently raised to merit a formal hearing. *See Dreury v. State*, 412 S.W.3d 523, 538 (Tex. Crim. App. 2013); *Ex parte LaHood*, 401 S.W.3d 45, 52–53, 53 n.5 (Tex. Crim. App. 2013) (orig. proceeding).

[5]In *Gray*, the appellant's attorney explained to the trial court his multiple conversations with Gray and his mother and was "satisfied" Gray "underst[ood] what he [wa]s doing." *Gray*, 257 S.W.3d at 828.

[6]The trial court then addressed and made findings on the evidence regarding the State's allegations in its motion to adjudicate.

7

but his legal competence is not an issue for the Court and incorporate my other findings.

"In making its informal inquiry, the trial court [i]s not required to follow specific protocols." *George v. State*, 446 S.W.3d 490, 501 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). From the above comments by the trial court, it is clear it observed no evidence of incompetence, of "recent severe mental illness," of "bizarre acts" by Cuevas, or of "moderate retardation." *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008) (quoting *McDaniel v. State*, 98 S.W.3d 708, 710 (Tex. Crim. App. 2003)). We defer to the trial court's determination of credibility of the testimony. "We cannot ignore the trial court's first-hand factual assessment of appellant's mental competency. His factual findings . . . are entitled to great deference by the reviewing court." *McDaniel v. State*, 98 S.W.3d 708, 713 (Tex. Crim. App. 2003).

In *Boyett*, the Texas Court of Criminal Appeals explained that "some evidence must be presented at the informal inquiry stage to show that a defendant's mental illness is the source of his inability to participate in his own defense." *Boyett*, 545 S.W.3d at 564. Even if Cuevas had some form of mental illness, there is no evidence that any such mental illness was the source of any lack of understanding about the proceedings. And so, the trial court cannot be found to have abused its discretion in finding no evidence of incompetency that would require a formal examination under the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005. For these reasons, we overrule the point of error.

## V.  Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    September 19, 2024
Date Decided:      January 3, 2025

Do Not Publish