**Affirmed and Opinion filed October 31, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00784-CR

---

**ARTHUR JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1257323**

---

## O P I N I O N

Appellant Arthur Johnson appeals his conviction for aggregate theft by a government contractor of between one hundred thousand dollars and two hundred thousand dollars. He asserts the trial court erred in failing to grant a motion to reconsider his motion in arrest of judgment and in failing to order a second competency examination on the court's own motion. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant and his wife, who is not a party to this appeal, each were charged by indictment with the offense of aggregate theft by a government contractor of between one hundred thousand dollars and two hundred thousand dollars. Appellant's trial counsel became concerned about appellant's competency to stand trial, after appellant appeared in court on a day he was not scheduled to appear and demanded the judge "release" him. Counsel moved for an examination to determine whether appellant was incompetent to stand trial, and the trial court granted this motion. The psychologist who performed the examination concluded, in May 2011, that appellant was competent to stand trial.

Appellant first attempted to plead "guilty" in February 2012, pursuant to a plea agreement in which the State agreed to dismiss charges against his wife. The trial court refused to accept the plea, however, because appellant continued to maintain his innocence. Appellant attempted to plead "guilty" a second time in July 2012, but the trial court rejected appellant's plea after concluding that appellant was arguing with the trial court over the manner in which he would pay restitution. After further proceedings, described in more detail below, the trial court stated that the case would be set for a jury trial the following day.

The next day, appellant entered a "guilty" plea without an agreed recommendation from the State. Before accepting the plea, the trial court queried appellant's counsel regarding appellant's competency. Appellant's counsel stated that appellant was competent. The trial court accepted the plea and sentenced appellant to ten years' confinement, suspended the sentence, and placed appellant on community supervision for ten years.

Appellant, acting pro se, filed a document entitled, "Motion for New Trial and Motion in Arrest of Judgment," asserting that he was not in his "right mental

state of mind" and that a new trial would be in the interest of justice. The trial court denied the motion. In September 2012, seventy days after the trial court signed the judgment, appellant's new counsel filed two motions: (1) a motion to reconsider the motion for new trial, and (2) a "Motion for Reconsideration of Motion in Arrest of Judgment" (hereinafter, "Motion to Reconsider"), in which appellant, for the first time, asked the trial court to quash the indictment against him because the State's prosecution of him under the Texas theft statute is preempted by a federal statute governing health-care fraud. The trial court overruled both motions. This appeal followed.

## II. ISSUES AND ANALYSIS

Appellant challenges the trial court's denial of the Motion to Reconsider and also asserts the trial court abused its discretion in failing to order a second competency examination before accepting appellant's "guilty" plea because of evidence supporting a finding of appellant's incompetency to stand trial.

## A. Did the trial court err in denying the Motion to Reconsider?

In his first issue, appellant contends the trial court erred in denying his Motion to Reconsider. In this motion, appellant argued that the State's prosecution of him under the Texas Penal Code is preempted by federal law; therefore, he argues, the trial court should have quashed the indictment against him. For the purposes of our analysis, we presume, without deciding, that the Motion to Reconsider and the arguments contained therein were timely presented to the trial court.

To support his preemption claim, appellant alleges a defect in the substance of the indictment against him. If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits begins, he waives and forfeits the right to object to the defect, error,

3

or irregularity, unless the defendant objects that there is no indictment at all, which is a jurisdictional defect. *See* Tex. Code Crim. Proc. art. 1.14(b) (West 2006); *Teal v. State*, 230 S.W.3d 172, 176–77 (Tex. Crim. App. 2007).

Appellant failed to tender any objection to the indictment before the date of trial, and his objection was not that there was no indictment at all. By failing to object to the indictment before trial, appellant waived and forfeited his right to raise this objection. *See* art. 1.14(b); *Teal*, 230 S.W.3d at 180–82. Therefore, the trial court did not err in denying appellant's Motion to Reconsider. Accordingly, we overrule appellant's first issue.

## B. Did the trial court err in failing to order a second competency examination on its own motion?

In his second issue, appellant asserts that the trial court erred in failing to order a second competency examination on its own motion after he exhibited before the court behavior suggesting he was incompetent to stand trial. Appellant asserts that, before accepting appellant's "guilty" plea, the trial court conducted an informal inquiry under article 46B.004(c) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 46B.004(c) (West 2013). Appellant argues that the trial court erred by failing to determine that there was evidence to support a finding of incompetency, which would have required a competency examination. *See* Tex. Code Crim. Proc. Ann. art. 46B.005(a) (West 2013).

We review the trial court's decision not to order a competency examination under an abuse-of-discretion standard. *Young v. State*, 177 S.W.3d 136, 139 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd). Under this standard, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it falls within the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d

4

109, 112 (Tex. Crim. App. 2007). A reviewing court cannot substitute its judgment for that of the trial court, but instead determines whether the trial court's decision was arbitrary or unreasonable. *Id.* A trial court abuses its discretion when no reasonable view of the record could support the trial court's ruling. *See id.*

The conviction of an accused person while he is legally incompetent to stand trial violates due process. *See McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). A person is incompetent to stand trial if the person does not have (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding, or (2) a rational and factual understanding of the proceedings against the person. Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2013). A person is presumed competent to stand trial and shall be found competent to stand trial unless proven incompetent by a preponderance of the evidence. *Id.* art. 46B.003(b) (West 2013). If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the trial court, the court, on its own motion, shall suggest that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(b). Upon suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(c). After an informal inquiry, if the trial court determines that evidence exists to support a finding of incompetency, the court shall order an examination to determine whether the defendant is incompetent to stand trial in a criminal case. *Id.* arts. 46B.005(a); 46B.021.

Appellant's trial counsel initially questioned appellant's competency, and the trial court ordered an examination to determine whether appellant was incompetent to stand trial in a criminal case. *See id.* arts. 46B.005(a); 46B.021. The psychologist who performed the examination concluded, in May 2011, that

appellant was competent to stand trial.

Appellant attempted to plead "guilty" on July 9, 2012, but the trial court rejected appellant's plea after concluding that appellant was arguing with the trial court over the manner in which he would pay restitution. The trial court then began making preparations for trial and asked counsel if they wanted to start the trial that day. Appellant's counsel stated he preferred not to do so. The parties then began working out the timing for the beginning of trial the following day. During this colloquy regarding timing, appellant, who had been outside the courtroom, apparently entered the courtroom. The trial court asked, "What is it? Does he have trouble remembering his name?" Appellant's counsel answered "[n]o, your honor," and appellant then stated "I want to represent my church." The court then asked, "Does he need to wear that for some reason?" Appellant's counsel answered in the negative. Then, there is a gap in the record which the reporter's record shows to have lasted for no longer than ten minutes. When the record resumes, the trial judge starts by declaring that she "just had to declare a mistrial, because [appellant] continued to talk to the Court when I asked [him] not to; and the jury heard that conversation." The trial court then cautioned appellant that his action was contemptuous, but that she would not hold him in contempt because she did not think he was trying to be rude. The trial judge stated that she would give appellant the benefit of the doubt that he "jabber[s] when [he is] nervous." The trial court stated that the case would be set for a jury trial the following day.

On the following day, appellant entered a "guilty" plea without an agreed recommendation from the State. Before accepting the plea, the trial judge questioned appellant's trial counsel, asking whether he had an opportunity to talk with appellant, whether appellant was competent to enter a plea, and whether trial

6

counsel was waiving an insanity defense. Counsel responded affirmatively to all questions.

Appellant and the State both assert that, before accepting appellant's plea on July 10, 2012, the trial court conducted an informal inquiry under article 46B.004(c) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 46B.004(c). We presume, without deciding, that the trial court conducted such an informal inquiry.

Appellant asserts that the trial court abused its discretion by failing to determine that there was evidence to support a finding of incompetency, which would have required a second competency examination. *See* Tex. Code Crim. Proc. Ann. art. 46B.005(a). Appellant asserts that there was evidence to support a finding of incompetency based upon (1) appellant's bizarre behavior when he appeared before the trial court on July 9, 2012; (2) appellant's alleged trouble understanding the proceedings based on his continuing to argue with the trial court on that day regarding the terms of his probation. Appellant also argues that the trial court's failure to hold appellant in contempt for his behavior on July 9, 2012, shows that the trial court suspected that appellant had a mental disorder. Appellant asserts that the trial court's questions about appellant's competency on the following day show that the trial court had doubts about appellant's competency.

Bizarre, obscene, or disruptive comments by a defendant during court proceedings do not necessarily constitute evidence supporting a finding of incompetency. *See Moore v. State*, 999 S.W.2d 385, 393–95 (Tex. Crim. App. 1999); *Burks v. State*, 792 S.W.2d 835, 840 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). Appellant's inappropriate court behavior does not show that he could not consult with his attorney with a reasonable degree of rational understanding or that he lacked a rational and factual understanding of the proceedings against him.

7

Any failure of appellant to understand how he would be making restitution payments does not show a lack of rational and factual understanding of the proceedings against appellant. It is not clear why the trial court asked whether appellant had trouble remembering his name, but his counsel responded that he did not. Likewise, the record does not reflect what appellant was wearing that caught the trial court's attention or why appellant said he wanted to represent his church. In any event, as reflected in our record, these matters do not support a finding that appellant was incompetent to stand trial.

The trial court's decision not to hold appellant in contempt for his behavior on July 9, 2012, could have been based on a variety of considerations and does not necessarily show that the trial court suspected appellant had a mental disorder. In any event, this failure to hold appellant in contempt is not evidence supporting a finding that appellant was incompetent. Likewise, the trial court's questions about appellant's competency on July 10, 2012, are not evidence supporting a finding that appellant was incompetent. And, the responses the trial court received to these questions were not evidence of incompetency either.

On this record, we conclude that the trial court did not abuse its discretion by failing to determine that there was evidence to support a finding of incompetency. *See Lawrence v. State*, 169 S.W.3d 319, 324–25 (Tex. App.—Fort Worth 2005, pet. ref'd). Therefore, the trial court did not err in failing to order a second competency examination on its own motion. *See* Tex. Code Crim. Proc. Ann. art. 46B.005(a). Accordingly, we overrule the appellant's second issue.

### III. CONCLUSION

By failing to object to the indictment before trial, appellant waived and forfeited his right to raise the objection he asserts in his first issue. Therefore, the trial court did not err in denying appellant's Motion to Reconsider. The trial court

8

did not abuse its discretion by failing to determine that there was evidence to support a finding of incompetency or by failing to order a second competency examination on its own motion. Finding no merit in appellant's issues, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Donovan.

Publish — TEX. R. APP. P. 47.2(b).