In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00172-CR
_____

GREGORY JOHN GEORGE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 08-03474

MEMORANDUM OPINION

Gregory John George appeals from his conviction for aggravated assault. Based on his "long history of mental health issues," he contends that the trial court violated his due process rights by not conducting a formal evaluation of his competency to stand trial. The trial court conducted an informal inquiry and found him competent to stand trial. We affirm the conviction.

Underlying Facts and Procedural History

On May 1, 2008, George was indicted for aggravated assault. On or about June 9, 2008, George's attorney requested a competency evaluation of George, and the trial court requested an evaluation. In July 2008, a psychiatrist diagnosed George with "[s]chizophrenia - acute exacerbation[,]" and concluded that George was not competent to stand trial. On August 18, 2008, the trial court concluded George was "presently incompetent" to stand trial and ordered him committed to the North Texas State Hospital—Vernon Campus (Vernon or Vernon facility) "for further examination and treatment towards the specific objective of obtaining competency to stand trial." George received treatment at the Vernon facility. In a December 18, 2008 letter to the court, the chief psychiatrist at Vernon, which is part of the Texas Department of State Health Services, attached a competency evaluation stating that the psychiatrist diagnosed George with "Bipolar I Disorder, Most Recent Episode Mixed, Severe with Psychotic Features[,]" but determined that George was competent to stand trial. Thereafter, the Department requested that George be placed in the custody of the Jefferson County Sheriff and transported back to Jefferson County "for further proceedings[.]" The trial was set for January 12, 2009.

At the January 2009 plea hearing, George pleaded guilty, pursuant to a plea bargain, to aggravated assault, a second degree felony. *See* Tex. Penal Code Ann. § 22.02(a), (b) (West 2011). The trial court deferred adjudication of guilt and placed him on unadjudicated community supervision[1] for ten years. Among other conditions of his probation, George was placed on the "Mental Health Caseload," and he was to enter and successfully complete an "Anger Management Program." In December 2011, an administrative hearing was held wherein it was alleged that George was "non-compliant with his mental health medication" and in violation of the terms of his community supervision. A recommendation was made by the administrative agency to the State to revoke George's probation.

On January 6, 2012, the State filed a revocation motion alleging George violated three terms of his community supervision. Another competency evaluation was performed on January 25, 2012, and a psychiatrist determined George was not competent to stand trial. The trial court ordered George to be transferred back to the Vernon facility "for further examination and treatment towards the specific objective of obtaining competency to stand trial." In May 2012, the Texas

---

[1]We recognize that in 1993 the statutory term for "probation" was changed to "community supervision." We use both terms interchangeably in this opinion to refer to the same process because the references and documents in the record use both terms. *See Riley v. State*, 378 S.W.3d 453, 455 n.1 (Tex. Crim. App. 2012).

3

Department of State Health Services determined George was competent to stand trial, and he was returned to Jefferson County for further proceedings.

On August 6, 2012, a hearing was held on the State's motion to revoke probation. The trial court continued the previously ordered community supervision, and the court also ordered George to participate in services provided by the Spindletop MHMR Center and to "remain medication compliant." On or about March 22, 2013, the State filed another motion to revoke, alleging that George violated the terms of his community supervision order. On April 8, 2013, the trial court held a hearing on the motion to revoke. George entered pleas of "not true" to the allegations that he failed to participate in the mental health initiative and that he failed to successfully complete the anger management program. The trial court heard testimony from witnesses, revoked George's community supervision, adjudicated him guilty of aggravated assault, and sentenced him to twenty years in prison. George filed an appeal in which he raises one issue regarding his competency to stand trial.[2] We affirm.

---

[2]George's initial appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). This Court reviewed the clerk's record, the reporter's record, and the *Anders* brief. Based on that review, we concluded that, in view of Chapter 46B of the Code of Criminal Procedure, further briefing was necessary to determine whether arguable grounds for appeal existed regarding George's competency to stand trial. We granted appellate counsel permission to withdraw as counsel of record, abated the appeal, and remanded the case to the

4

Issue on Appeal

George argues that his due process rights pertaining to his competency to stand trial were violated under Chapter 46B of the Texas Code of Criminal Procedure, because the trial court failed to conduct a "formal competency evaluation."

Discussion

A. Standard of Review.

We review a complaint that the trial court erred in not conducting a formal competency inquiry for an abuse of discretion. *See Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds, as stated in Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013); *Johnson v. State,* 429 S.W.3d 13, 18 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Under this standard, we do not substitute our judgment for that of the trial court, but we determine whether the trial court's decision was arbitrary or unreasonable. *Montoya*, 291 S.W.3d at 426.

---

trial court for appointment of new counsel to re-brief the appeal and raise any arguable issues, including the competency-to-stand-trial issue. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 510-11 (Tex. Crim. App. 1991). The newly-appointed appellate counsel filed a brief specifically addressing the competency issue.

B. Competency.

The prosecution and conviction of a defendant while he is legally incompetent to stand trial violates the Due Process Clause of the United States Constitution. *See McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966)). Such protection is also afforded to a criminal defendant at a revocation hearing. *See id.* at 710; *Lindsey v. State*, 310 S.W.3d 186, 188 (Tex. App.—Amarillo 2010, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006). Chapter 46 of the Texas Code of Criminal Procedure codifies the constitutional standard for competency to stand trial and the procedural requirements to be applied by the trial court in determining whether a defendant is competent to stand trial. *See Turner*, 422 S.W.3d at 689-93; *see also* Tex. Code Crim. Proc. Ann. arts. 46B.001-.171 (West 2006 & Supp. 2014). A defendant is presumed competent to stand trial unless proven incompetent by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 46B.003(b) (West 2006). "A person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." *Id.* art. 46B.003(a) (West 2006).

A trial court must inquire into a defendant's mental competence once the issue is sufficiently raised. *See generally McDaniel*, 98 S.W.3d at 709. The relevant time frame for determining a defendant's competence is at the time of the proceeding. *Lasiter v. State*, 283 S.W.3d 909, 925 (Tex. App.—Beaumont 2009, pet. ref'd). When evidence suggesting a defendant is incompetent comes to the trial court's attention, "the court on its own motion shall suggest that the defendant may be incompetent to stand trial" and "shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." Tex. Code Crim. Proc. Ann. art. 46B.004(b), (c) (West Supp. 2014); *Jackson v. State*, 391 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.). The suggestion of incompetency "may consist solely of a representation from any credible source that the defendant may be incompetent." Tex. Code Crim. Proc. Ann. art. 46B.004(c-1) (West Supp. 2014). "A further evidentiary showing is not required to initiate the [informal] inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant." *Id*.

"Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the

7

meaning of Article 46B.003." *Id*. The factors outlined in article 46B.024 include whether the defendant can: "(A) rationally understand the charges against [him] and the potential consequences of the pending criminal proceedings; (B) disclose to counsel pertinent facts, events, and states of mind; (C) engage in a reasoned choice of legal strategies and options; (D) understand the adversarial nature of criminal proceedings; (E) exhibit appropriate courtroom behavior; and (F) testify[.]" *Id*. art. 46B.024(1) (West Supp. 2014). "If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under Subchapter B to determine whether the defendant is incompetent to stand trial in a criminal case." *Id*. art. 46B.005(a) (West 2006). George does not dispute that the trial court conducted an informal competency review. He contends that, as a result of that informal review, the trial court should have concluded that a formal competency review was required. We disagree.

The reporter's record from the motion to revoke reflects that prior to hearing testimony in the proceeding, the trial judge directed various questions to George. We are unable to determine from the record George's demeanor and credibility while he was answering the questions and we must give great deference to the trial court's evaluation on these matters. *See McDaniel,* 98 S.W.3d at 713

8

(citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). Based on the responses and statements made by George during the informal inquiry, we conclude that the trial court's finding that George was competent was not arbitrary or unreasonable. The trial court could have reasonably concluded that George's responses to the Court's questions were cogent. Although George's comments may have been argumentative regarding a definition for the meaning of "mental health initiative," the exchange demonstrated George's mental acuity. Further, George's comments reveal that he understood the allegations regarding his failure to comply with the terms of his probation specifically pertaining to anger management classes and treatment. And, his responses indicate he was capable of understanding and disputing the charges. For example, George expressly stated that he had been attending the classes. He further stated that he was not "angry ever" and that he felt he did not need the classes. After the colloquy, the trial court concluded that George "fully understands what's going on" and the Court found him competent. The hearing continued with the testimony of the State's witness, Trazarra Stelly, George's probation officer.

Stelly testified that George was noncompliant with some of the community supervision terms, that he "refused the mental health initiative caseload to work with the forensic department at Spindletop[,]" he "refused to listen[,]" "he [had to

9

be] escorted out," and "he was argumentative." Stelly further testified that "they" tried to work with George but he told them they "weren't qualified to tell him anything."

After his attorney advised him of his right to remain silent and to refuse to testify, George elected to testify at the hearing. His remarks once again reflect that he knew he had been charged with the offense of aggravated assault which had occurred several years earlier. He understood that he had been placed on probation, and he explained that the State's filing of the motion to revoke was not right because he had not "committed any form of aggravated assault, supposedly, since 2009." George also indicated he understood that he was now before the trial court because the State alleged he did not attend his anger management classes. He again denied the allegation and claimed that he had attended "8 to 9 classes," and that he had already taken everything he needed for probation purposes. He stated that he met with counselors and Ms. Stelly, that she "didn't state or explain" forensics or the "mental health initiative," and that he left Stelly's office and told her that "I don't want to participate in that because I take my meds nightly." He also testified he did not "need anyone to govern [him] about anything[.]" George also stated that he was not a threat to anyone.

10

George's testimony and comments at the hearing further demonstrated his ability to understand the proceedings and that he was capable of assisting with a defense. More specifically he testified that (1) he had no prior criminal record; (2) he was previously before the trial court on an alleged "failure to I.D.," which George specifically denied; (3) he had an architectural degree and a minor in civil engineering; and (4) he was taking the depression medication prescribed for him, even though he was not depressed. He further testified that he goes to MHMR "[e]very two months[,]" and that he has been reporting and going to classes. Contrary to his counselor's testimony, George explained that he did not have to be escorted out of the classes, but walked out of them on his own. He further stated that the probation officer lied and never explained what it meant to participate in the "mental health initiative caseload[,]" and that it was a lie that he was aggressive or that he was "kicked out" of the anger management program.

The record reveals that George understood the nature and purpose of the revocation proceeding. He specifically demonstrated an ability to respond to questions posed to him at the hearing by his counsel and the trial judge. By explaining why there should be no finding of "true" to the alleged community supervision violations, George further demonstrated he had a present ability on the date of the hearing to comprehend and assist in his defense. *See Montoya*, 291

11

S.W.3d at 425-26. Simply because he had been diagnosed with a mental disorder in the past, or that he might be schizophrenic, or that there had been prior findings of incompetency, would not necessarily suggest that George was incompetent at the time of this proceeding. *See, e.g., McDaniel*, 98 S.W.3d at 712; *Thomas v. State*, 312 S.W.3d 732, 736-37 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (As the reviewer of the facts and credibility, the trial court, in accordance with article 46B.004(c), conducted an inquiry into defendant's conditions and abilities, and did not abuse its discretion in concluding the defendant was competent to stand trial.); *see also Brown v. State*, No. 02-12-00532-CR, 2014 Tex. App. LEXIS 4245, at \*\*7-18 (Tex. App.—Fort Worth Apr. 17, 2014, no pet.) (mem. op.) (unpublished opinion); *Johnson*, 429 S.W.3d at 16-19.

The trial court had the opportunity to observe George in open court, to hear him speak, to observe his demeanor, and to engage in a lengthy colloquy with him. George directly answered the trial judge's questions, as well as those of his counsel, demonstrating he understood the nature of the proceedings against him and that he was able to effectively communicate with his attorney and assist in his defense. Therefore, we conclude that the trial court did not act unreasonably or arbitrarily in finding, based upon the evidence presented at the hearing, that George was competent to stand trial and in concluding that no formal competency

hearing was required. We overrule George's issue and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 4, 2014
Opinion Delivered September 17, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.