**Affirmed and Memorandum Opinion filed September 20, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00723-CR

**EDWARD MCKENZIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1444596**

## M E M O R A N D U M   O P I N I O N

Appellant Edward McKenzie appeals his conviction for assault of a public servant. *See* Tex. Penal Code § 22.01(b). In a single issue, appellant asserts that the trial court erred by failing to investigate his competency before proceeding to trial. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Novak, a Metropolitan Transit Authority police officer, was working undercover in plain clothes, on October 10, 2014, when he and his partner investigated some unattended bags near a Metro bus shelter. Novak testified that he knelt down and began unzipping one of the unattended bags in search of information to identify the bag's owner. Novak heard someone behind him yell, "hold on young buck" and then saw appellant run toward him. Novak had his badge hanging around his neck, and he held it up and identified himself as a police officer. In response, appellant said "I don't give a . . . who you are." Appellant then jumped on Novak and they began to fight.

Novak testified that during the struggle appellant was punching him, and Novak attempted to take appellant to the ground. Novak testified that his partner, Officer Simmons, identified himself as a police officer, instructed appellant to stop resisting, and began trying to pull appellant off of Novak. Simmons and Novak were able to overcome appellant and bring him to the ground. Novak testified that once appellant was on the ground, appellant stated he would "get a shotgun and kill [Novak and Simmons]." Novak further testified that once appellant was handcuffed, appellant stated he would make a bomb and blow up the Metro Police Department. At this point, Novak noticed that appellant's nose was bleeding, which he assumed was caused by the scuffle, so Novak contacted EMS and other officers that were in full uniform to come to the scene. Novak then contacted the District Attorney's office, they accepted charges, and appellant was transported to the Houston Police Department Jail.

Appellant testified that he did not know Novak was a police officer because he was in plain clothes and thought Novak was "one of those bums trying to rob [him] or something." Appellant further testified that when he saw Novak at his

bag, appellant said to Novak "hey, man, get off my bag," Novak then turned around and hit appellant in the face.

Appellant was charged by indictment on November 4, 2014, with assault on a public servant. On November 12, 2014 appellant requested that his case be reset and a competency evaluation be conducted. The trial court granted this request and reset the case for January 7, 2015. Appellant was evaluated for competency to stand trial on January 2, 2015. The examining psychologist concluded that appellant was temporarily incompetent to stand trial, but opined that with treatment, appellant's competency "likely could be restored in approximately six to nine weeks." The trial court found appellant temporarily incompetent, and on January 7, 2015, the trial court committed appellant to no more than 120 days of treatment. On February 24, 2015, seven and a half weeks after appellant began his mental health treatment, appellant's attorney, the prosecutor and the judge all agreed that appellant's competency had been restored and the court issued an order for restoration of competency.

On August 18, 2015, appellant waived his right to a jury trial, entered a plea of not guilty, and the case proceeded to a bench trial. The trial court found appellant guilty as charged and assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a notice of appeal.

## ANALYSIS

Appellant argues that the trial court erred in failing to investigate his competency before proceeding to trial. Specifically, appellant asserts that his documented mental health history, temporary incompetency determination, letters and motions filed with the court, and erratic behavior at trial was sufficient evidence to suggest appellant may not be competent to stand trial. Therefore,

appellant asserts, the trial court was required to conduct an informal inquiry as to appellant's competency before proceeding to trial, and the trial court erred by proceeding to trial without first conducting this informal inquiry.

## Standard of Review

We review a trial court's failure to conduct a competency inquiry under an abuse of discretion standard. *See Criswell v. State*, 278 S.W.3d 455, 457 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). A trial court's first-hand factual assessment of a defendant's competency is entitled to great deference on appeal. *See Ross v. State*, 133 S.W.3d 618, 627 (Tex. Crim. App. 2004) (citing *McDaniel v. State*, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003). When we review a trial court's ruling for abuse of discretion, we do not substitute our judgment for that of the trial court, rather we decide whether the trial court acted without reference to any guiding rules or principles. *See Criswell*, 278 S.W.3d at 457. An abuse of discretion is not demonstrated merely by the fact that the trial court resolved a matter, within its discretionary authority, differently than the reviewing court. *See id.* (citing *State v. Herndon*, 215 S.W.3d 901, 907–08 (Tex. Crim. App. 2007)).

## Applicable Law

"A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013) (citing *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996)); *see Criswell*, 278 S.W.3 at 457. The constitutional standard for determining competency to stand trial in Texas is codified in Chapter 46B of the Texas Code of Criminal Procedure. *See id.* at 689. A person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding

4

of the proceedings against the person. Tex. Code Crim. Proc. art. 46B.003(a). A defendant is presumed competent to stand trial, and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. *Id.* art. 46B.003(b). Any party, including the court, may suggest by motion that a defendant is incompetent to stand trial. *See id.* art. 46B.004(a). However, if evidence is brought to the attention of the trial court that suggests a defendant may be incompetent to stand trial, then the trial court shall suggest on its own motion that defendant may be incompetent to stand trial. *See id.* art. 46B.004(b).

Upon a suggestion of incompetency, the trial court must determine by informal inquiry whether some evidence, from any source, exists that would support a finding of incompetency. *See id.* art. 46B.004(c). The threshold requirement for an informal inquiry is a suggestion of incompetency. *See id.* art. 46B.004(c–1). This suggestion may be established by a credible source's single representation that the defendant may be incompetent. *See id.* Initiating the inquiry does not require any further evidentiary showing or that the trial court have a bona fide doubt about the competency of the defendant. *See id.*

The trial court must consider only the evidence tending to show incompetency when making this determination by "putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency." *See Ex parte LaHood*, 401 S.W.3d 45, 52–53 (Tex. Crim. App. 2013) (citing *Sisco v. State*, 599 S.W.2d 607, 613 (Tex. Crim. App. [Panel Op.] 1980)). Evidence suggesting the need for an informal inquiry may be based on observations made in relation to defendant's capacity to: (1) rationally understand the charges against him and the potential consequences of the pending criminal proceeding; (2) disclose to counsel pertinent facts, events, and states of mind; (3) engage in a

reasoned choice of legal strategies and options; (4) understand the adversarial nature of criminal proceedings; (5) exhibit appropriate courtroom behavior; and (6) testify. *See* Tex. Code Crim. Proc. art. 46B.024(1). It may also be based on any evidence indicating that the defendant is incompetent within the meaning of article 46B.003. Tex. Code Crim. Proc. art. 46B.004(c–1). If the court makes such a determination after the informal inquiry, then it must conduct a formal competency trial. *See* Tex. Code Crim. Proc. art. 46B.005(a)–(b).

## Application

Appellant asserts that evidence suggesting his incompetence was brought to the court's attention through his documented mental health history, temporary incompetency determination, letters and motions filed with the court, and erratic behavior at trial. Appellant argues that because this evidence suggested he may be incompetent to stand trial, the trial court was required to conduct an informal inquiry to determine whether some evidence from any source existed that would support a finding of incompetency. *See* Tex. Code Crim. Proc. art. 46B.004(c).

A documented history of mental illness alone is not sufficient evidence of a defendant's incompetency to stand trial so as to require an informal inquiry. *See Turner*, 422 S.W.3d at 691 ("The fact that a defendant is mentally ill does not by itself mean he is incompetent."); *Hobbs v. State*, 359 S.W.3d 919, 925 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that appellant's history of mental illness insufficient "to warrant a competency inquiry absent evidence of a present inability to communicate with his attorney or understand the proceedings"). When a defendant is mentally ill, the relevant inquiry is whether this mental instability resulted in the defendant's inability to understand the nature of, and object to, the proceedings against him, consult with counsel, and assist in preparing his defense. *See Turner*, 422 S.W.3d at 689–91. However, if the defendant's

mental illness prevents him from pursuing his own best interests through engaging rationally with counsel or rationally understanding the proceedings against him, due process prevents him from being made to stand trial. *See id.* at 691. When evidence raises this possibility, an informal inquiry is required, and if that inquiry reveals that the possibility is substantial, a formal competency trial is required. *See id.*

The trial court conducted an initial informal inquiry into appellant's competency on January 2, 2015, when appellant underwent a court ordered competency evaluation. Dr. Stephen McCary, the examining psychologist that conducted appellant's competency evaluation, diagnosed appellant with Schizoaffective Disorder and Bipolar Type. McCary found that appellant was "affected by a moderately severe to severe degree of impairment," and opined that appellant did not presently "appear to be sufficiently able to engage with counsel in a reasonable and rational manner." McCary concluded that appellant was temporarily incompetent to stand trial, but opined that with treatment, appellant's competency "likely could be restored in approximately six to nine weeks." The trial court committed appellant to no more than 120 days of treatment. On February 24, 2015, seven and a half weeks after appellant began his mental health treatment, appellant's attorney, the prosecutor, and the trial court all agreed appellant's competency had been restored through his treatment and the trial court issued a restoration of competency order.

Appellant argues that even though the court signed this order certifying that his competency had been restored, the several documents appellant sent to the trial court as well as his outbursts and behavior during trial suggested appellant was not competent to stand trial. Although appellant's penmanship makes some of the letters, affidavits, and power of attorney forms difficult to read, they appear to be at

7

least topically related to appellant's case. In these documents, appellant seems to be describing his version of the incident in a manner that is fairly consistent with his trial testimony, and he complains about the State's lack of evidence; the documents also appear to contain various definitions of legal proceedings, causes of action, and statutes.

Although these documents may show that appellant lacks familiarity with the intricacies of legal analysis and terminology, they fail to evidence an inability to understand the nature of, and object to, the proceedings against him, consult with counsel, and assist in preparing his defense. *See id.* at 689–91 (noting the relevant inquiry is whether the mental instability resulted in the defendant's inability to understand the proceedings and consult with counsel); *Moralez v. State*, 450 S.W.3d 553, 559–60 (Tex. App.—Houston [14th Dist.] 2014, pet ref'd) (holding that it is the defendant's burden to establish incompetency, after there has been a finding of restoration). The trial court could have reasonably concluded that these documents showed that appellant was impaired to some extent, but that this impairment did not render appellant incompetent to stand trial. *See Moore*, 999 S.W.2d at 396 (holding that "it is within the purview of the trial judge to distinguish evidence showing only impairment from that indicating incompetency as contemplated by the law"). Therefore, the trial court did not abuse its discretion by proceeding to trial without conducting an additional inquiry into appellant's competency.

Appellant further contends that his behavior during trial suggested he was incompetent to stand trial and warranted an informal inquiry by the trial court. Specifically, appellant asserts that his outbursts during Novak's testimony and later appellant's inquiry as to whether his conviction was a misdemeanor or felony provided sufficient grounds to warrant an informal inquiry into his competency to

8

stand trial. We disagree.

While appellant's behavior and comments during trial displayed violations of courtroom decorum, they do not evidence an inability by appellant to communicate with his counsel, or appreciate the proceedings against him. Appellant's comments did not consist of any unusual rants that might suggest incompetence; rather appellant's comments and outbursts were "timely, topical, and logically related to the questions and answers offered during the examination of [Novak]." *Moore*, 999 S.W.2d at 395. Additionally, the record reflects that when the trial court admonished appellant for his outbursts and instructed him to remain quiet during Novak's testimony, appellant acknowledged the trial court responding "Yes, sir." Moreover, appellant's testimony was lucid and evidenced his ability to communicate with counsel, his understanding of the State's accusations and evidence, and to present a plausible defense based on his reasonable alternative version of events. *See McDaniel*, 98 S.W.3d at 712–13; *Kostura v. State*, 292 S.W.3d 744, 747–48 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Inappropriate outbursts and comments during trial are not evidence of one's incompetency to stand trial. *See Moore*, 999 S.W.2d at 395 (holding that "if such actions were probative of incompetence, one could effectively avoid criminal justice through immature behavior"); *Johnson v. State*, 429 S.W.3d 13, 18 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that after a defendant has been found competent to stand trial, inappropriate court behavior does not evidence a lack of understanding of the proceedings and require a second competency examination). Appellant's outbursts during his trial did not suggest incompetency. Therefore, the trial court did not abuse its discretion by proceeding to trial without conducting an additional inquiry into appellant's competency.

## CONCLUSION

The trial court certified that appellant's competency had been restored approximately six months prior to his trial, and the record contains no evidence establishing a deterioration in appellant's competency. *See Moralez*, 450 S.W.3d at 559–60 (concluding that once the defendant's competency has been restored, it is the defendant's burden to establish that he was not competent to stand trial). Because appellant's competency was found to have been restored, neither a previous finding of temporary incompetency, nor documents expressing appellant's reasonable but inarticulate alternate version of events, nor his inappropriate courtroom behavior shows that at the time of his trial appellant lacked a present ability to know and understand the charges against him, or that appellant was prevented in any way from meaningfully participating in his trial. Therefore, the trial court did not abuse its discretion by proceeding to trial without conducting a second inquiry into appellant's competency. We affirm the trial court's judgment.

/s/    Ken Wise
         Justice

Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).