# NO. 12-23-00094-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FREDERICK JOVON EVANS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 349TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Frederick Jovon Evans appeals his conviction for assault on a public servant. In his sole issue, he contends that the trial court abused its discretion when it failed to find a scintilla of evidence, from any source, that would support a finding that he may be incompetent to stand trial. We affirm.

### BACKGROUND

Appellant was charged by indictment with the third-degree felony offense of assault on a public servant.[1] The indictment also contained enhancement paragraphs alleging that Appellant had two prior felony convictions under the habitual offender statute, elevating his punishment level to that of a first-degree felony with a punishment range of twenty-five years to ninety-nine years or life imprisonment.[2] Appellant pleaded "not guilty" to the offense.

In June 2022, Appellant filed a punishment election that the jury assess his punishment in the event of a conviction. In July 2022, Appellant's trial counsel moved for a competency evaluation, which the trial court granted. In October 2022, after a psychiatric examination, the

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West Supp. 2023).

[2] *See id.* § 12.42(d) (West 2019).

trial court found Appellant competent to stand trial. The matter proceeded to a jury trial, and the jury ultimately found him "guilty" of the offense in March 2023.[3]

Before the punishment phase of the trial, Appellant announced his desire to abandon his election that the jury assess punishment. However, the State opposed the request, and the trial court ultimately denied his request. The trial court held a hearing on Appellant's request outside the presence of the jury. As trial counsel began to obtain Appellant's testimony regarding his desire to abandon his election for jury sentencing, which appellate counsel acknowledges began as "fairly mundane," Appellant became nonresponsive to the questioning. Accordingly, trial counsel began to focus his questioning on Appellant's competency. Among other things, Appellant explained that he understood counsel was his attorney and he understood the judge's role in the case. But he claimed that he heard voices in his ear, he was under medical treatment, and he "missed a pill" that morning.

The trial continued and during the State's examination of the fingerprint expert, Appellant made an outburst. The trial court requested the bailiff to usher the jury out of the courtroom and it conducted a hearing as to whether Appellant wished to remain in the courtroom, or alternatively, whether he would rather not attend the trial. During that hearing, Appellant became angry, unruly, and cursed repeatedly at the trial court and its staff. He ultimately stated that he did not desire to attend the punishment phase. The trial court subsequently granted Appellant's request, and the bailiff escorted Appellant back to the jail.

The trial court then inquired to trial counsel concerning Appellant's competency. Counsel detailed that he communicated with Appellant frequently concerning the case and he was able to understand the proceedings, review the evidence, and assist in formulating a trial strategy. He further related that Appellant sat quietly during the trial, he communicated with Appellant during the trial, he was able to ask him questions, and Appellant allowed him to present the case. Trial counsel confirmed that Appellant began to act out only after being found "guilty" by the jury.

Trial counsel stated that Appellant never complained of hearing voices or having a general hearing problem. Trial counsel also noted that Appellant's competency had already been formally evaluated and the trial court determined him competent to stand trial. He ultimately opined that he believed Appellant was competent to stand trial. Trial counsel's assistant also testified, and she confirmed trial counsel's assertions based on her personal interaction with Appellant.

---

[3] Appellant pleaded "not true" to the enhancement allegations.

Accordingly, the punishment phase of the trial continued, and the State rested that afternoon.

The following morning, before Appellant's case-in-chief on punishment, the trial court noted that Appellant again did not appear in the courtroom. The trial court held another hearing concerning the voluntariness of Appellant's continued absence. The trial court called several witnesses, including the bailiffs, jailers, and others to further inquire into Appellant's absence from the courtroom. In summary, they testified that Appellant did not act abnormally prior to the reading of the "guilty" verdict, did not speak loudly or complain that he could not hear or that he heard voices, appeared to understand the proceedings, cooperated with the fingerprint expert taking his fingerprints, and after returning to the jail the previous day, he did not ask for any mental health evaluation or seek medical care of any kind. But when they attempted to escort Appellant to the courtroom earlier that morning, he was combative and stated in "colorful language" that he did not wish to attend the final day of trial. Accordingly, the trial court found that Appellant again voluntarily did not wish to attend the trial, and the jury trial on punishment continued.

The jury ultimately assessed Appellant's punishment at seventy-five years of imprisonment. This appeal followed.

## COMPETENCY TO STAND TRIAL

In Appellant's sole issue, he contends that the trial court "abused its discretion when it failed to find a scintilla of evidence, from any source, that would support a finding that he may be incompetent to stand trial."

### Standard of Review

We review challenges to the adequacy of a trial court's informal competency inquiry for an abuse of discretion. *Luna v. State*, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008). Similarly, we review a trial court's failure to conduct an informal competency inquiry for an abuse of discretion. *See Lindsey v. State*, 544 S.W.3d 14, 21 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd).

Under that standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside the zone of reasonable disagreement or is arbitrary or unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005); *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002). Moreover, the trial court's ruling will be upheld provided that the decision "is reasonably supported by the record and is correct under any theory

of law applicable to the case." ***Carrasco v. State***, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). A trial court's firsthand assessment of a defendant's ability to rationally and factually understand the proceedings and to assist counsel is entitled to great deference by the reviewing court. *See* ***McDaniel v. State***, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003). This is because a trial court is "in a better position to determine whether [the defendant] was presently competent." *See* ***Montoya v. State***, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds*, *as stated in* ***Turner v. State***, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013); *see also* ***Johnson v. State***, 429 S.W.3d 13, 16 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Appellate courts should not substitute their judgment for that of the trial court. ***Montoya***, 291 S.W.3d at 426.

**Applicable Law**

Generally speaking, a defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2018). A person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person. *Id.* art. 46B.003(a).

The defendant, the State, or the trial court may suggest that the defendant is not competent to stand trial. *Id.* art. 46B.004(a) (West 2018). Before concluding that a defendant is incompetent to stand trial, the trial court must first conduct an informal inquiry, and, if warranted, a formal competency trial. ***Boyett v. State***, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). An informal inquiry is triggered upon a suggestion from any credible source that a defendant may be incompetent. *Id.* at 563 (citing TEX. CODE CRIM. PROC. ANN. art. 46B.004(a), (c), (c–1)); *see also* ***Clark v. State***, 592 S.W.3d 919, 925 (Tex. App.—Texarkana 2019, pet. denied) (noting that amount of information necessary to trigger informal inquiry is low and may consist solely of representation from any credible source that defendant may be incompetent).

With respect to the evidentiary standard that must be met at the informal inquiry stage, a court must focus on three matters. ***Boyett***, 545 S.W.3d at 563. First, the court must assess whether there is "some evidence" of incompetency to stand trial. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 46B.004(c)). This standard requires only that there be "more than none or a scintilla [of evidence] that rationally may lead to a conclusion of incompetency." ***Turner***, 422 S.W.3d at 692. Second, a trial court must consider only evidence of incompetency, and it must not weigh evidence

4

of competency against the evidence of incompetency. ***Boyett***, 545 S.W.3d at 564. Third, the evidence must be such that it may rationally be inferred not only that the defendant suffers some degree of debilitating mental illness, and that he obstinately refuses to cooperate with counsel to his own apparent detriment, but also that his mental illness is what fuels his obstinacy. ***Id.*** Thus, it is not enough to present evidence of either a defendant's mental illness alone or his refusal to cooperate with counsel—rather, there must be some evidence indicating that the defendant's refusal to rationally engage with counsel is caused by his mental illness before the trial court is required to hold a competency trial. ***Id.***

Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors set forth in Code of Criminal Procedure Article 46B.024, or on any other indication that the defendant is incompetent under Article 46B.003. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.004(c–1), 46B.024 (West 2018); ***Laflash v. State***, 614 S.W.3d 427, 432 (Tex. App.—Houston [1st Dist.] 2020, no pet.). The Article 46B.024 factors include the capacity of the defendant during criminal proceedings to: (1) understand rationally the charges against him and the potential consequences of those pending charges; (2) disclose to his defense counsel pertinent facts, events, and states of mind; (3) engage in a reasoned choice of legal strategies and options; (4) understand the adversarial nature of the criminal proceedings; (5) exhibit appropriate courtroom behavior; and (6) testify. TEX. CODE CRIM. PROC. ANN. art. 46B.024(1)(A)–(F); *see* ***Laflash***, 614 S.W.3d at 432.

Additional considerations for evidence suggesting incompetence include whether a defendant is a person with mental illness or intellectual disability and its duration, degree of impairment caused by the mental illness or intellectual disability along with the specific effect on the defendant's capacity to engage with counsel in a reasonable and rational manner. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.024(2)–(4). The final factors are whether the defendant is taking psychoactive or other medication, the necessity of medication to maintain competency, and the medication's effect on his appearance, demeanor, and ability to participate in the proceedings. *See* ***id.*** art. 46B.024(5). A defendant's mental illness, without evidence from a credible source that he cannot rationally understand the proceedings against him or that he cannot engage rationally with counsel in the pursuit of his own best interest, does not amount to a suggestion of incompetency. *See* ***Turner***, 422 S.W.3d at 691 (addressing mental illness). In other words, there must be some evidence presented at the informal inquiry stage to show that a defendant's mental illness is the

source of his inability to participate in his own defense or understand the proceedings against him. *Id.* at 691.

If there is some evidence supporting a finding that a defendant is incompetent, the trial court must order a competency examination, and except for certain exceptions, it must hold a formal competency trial to determine whether the defendant is incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. arts. 46B.005(a), (b), 46B.021(b) (West 2018); *see also **Turner***, 422 S.W.3d at 692 (citing ***Ex parte LaHood***, 401 S.W.3d 45, 52–53 (Tex. Crim. App. 2013)).

## Discussion

Appellant appears to argue that the trial court held an informal inquiry as to his competency to stand trial, but abused its discretion by failing to find some, or a scintilla of evidence, from any source, that would support a finding that he may be incompetent to stand trial. The State responds that the trial court did not and need not hold an informal inquiry into his competency, and that in any event, there was no evidence from a credible source rationally suggesting or inferring that he had some degree of debilitating mental illness that fueled his alleged inability to communicate with his counsel to a reasonable degree of rational understanding or that his mental illness caused him to lack a rational as well as factual understanding of the proceedings against him.

As an initial matter, we note that arguably the trial court did convene an informal inquiry into Appellant's competency and found him to be competent. *See **George v. State***, 446 S.W.3d 490, 501 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (noting that during informal inquiry, "the trial court [i]s not required to follow specific protocols"). The trial court earlier formally assessed Appellant's competency to stand trial and found him competent. Appellant acted normally during the trial until the jury found him "guilty." Once he learned that the State would not consent to Appellant's abandonment of his request for jury sentencing, his behavior radically changed.

During Appellant's testimony concerning his election to abandon jury sentencing, trial counsel shifted the focus of his questioning to Appellant's competency. Appellant explained that he understood that counsel was his attorney and understood the judge's role in the case. But he claimed that he heard voices in his ear, was under medical treatment, and "missed a pill" that morning. The trial court continued with the punishment hearing, and during the fingerprint expert's testimony, Appellant made an outburst, becoming combative and verbally abusive to the

6

court and its staff. During this outburst, Appellant expressed his desire to refrain from further attendance of his trial. All of this was captured on the bailiff and deputies' body cameras.

After granting his request to leave the trial, the trial court inquired further to trial counsel concerning Appellant's competency. Trial counsel testified that he believed Appellant was competent to stand trial, which was confirmed by trial counsel's assistant. Trial counsel stated that Appellant never complained of hearing voices or having a general hearing problem. There was no evidence as to what type of mental illness from which he suffered, or explanation as to why he "missed a pill," or how that fact would affect his competency assuming its truth. Counsel detailed that he communicated with Appellant frequently concerning the case and he was able to understand the proceedings, review the evidence, and assist in formulating a trial strategy. He further related that Appellant sat quietly during the trial, he communicated with Appellant during the trial, he was able to ask him questions, and Appellant allowed him to present the case. Trial counsel confirmed that Appellant began to act out only after being found "guilty" by the jury.

The following morning, before Appellant's case-in-chief on punishment began, the trial court noted that Appellant again did not appear in the courtroom. The trial court held another hearing concerning the voluntariness of Appellant's continued absence. The trial court called several witnesses, including the bailiffs, jailers, and others to further inquire into Appellant's absence from the courtroom. They testified that Appellant did not act abnormally prior to the reading of the "guilty" verdict, did not speak loudly or complain that he could not hear or that he heard voices, appeared to understand the proceedings, cooperated with the fingerprint expert taking his fingerprints, and after returning to the jail the previous day, he did not ask for any mental health evaluation or seek medical care of any kind. They did testify that when they attempted to escort Appellant to the courtroom earlier that morning, he was combative and stated in "colorful language" that he did not wish to attend the final day of his trial.

In light of the preceding, the trial court arguably did conduct an informal inquiry regarding Appellant's competency. *See **Luna***, 268 S.W.3d at 598-600 (determining that trial court did not abuse its discretion by failing to further inquire into defendant's competency where defense counsel repeatedly stated belief that defendant was competent and where trial court informally inquired by asking defendant if he understood consequences of his plea and right to testify before jury and where record showed defendant made choices after thought and deliberation); ***Jackson v. State***, 391 S.W.3d 139, 142 (Tex. App.—Texarkana 2012, no pet.) (concluding that trial court's

inquiry to defense counsel coupled with its own observations of defendant constituted sufficient informal inquiry into defendant's competency).

Even if the trial court did not conduct an informal inquiry as the State suggests, we would be unable to conclude that the trial court abused its discretion. In the informal inquiry stage, the trial court determines only whether evidence exists to support a finding of incompetency. TEX. CODE CRIM. PROC. ANN. art. 46B.004(d). We recognize that the trial court does not weigh evidence of competency. *Boyett*, 545 S.W.3d at 564. However, there must be some, or a scintilla of evidence, from a credible source that shows Appellant's mental illness is the source of his incompetency. *See Turner*, 422 S.W.3d at 696 (explaining that trial court need not conduct competency inquiry when "there is some evidence that the defendant obstinately refuses to cooperate with counsel but nothing from which to rationally infer that his obstinacy is fueled by mental illness"); *see also DeWitt v. State*, Nos. 05-12-00583-00585-CR, 2013 WL 3389055, at *2 (Tex. App.—Dallas July 3, 2013, no pet.) (mem. op., not designated for publication) (noting that "a failure to consult with counsel does not demonstrate a lack of competence; instead, a defendant must be unable to consult with counsel").

Additionally, although Appellant correctly points out that he made an outburst during the punishment phase, the trial court was not required to ignore the reasoning for Appellant's outburst given all the information before the trial court at the time of the outburst. *See Johnson v. State*, 429 S.W.3d 13, 18 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (stating that "[b]izarre, obscene, or disruptive comments by a defendant during court proceedings do not necessarily constitute evidence supporting a finding of incompetency"); *Rojas v. State*, 228 S.W.3d 770, 772, 773 (Tex. App.—Amarillo 2007, no pet.) (noting that "courts look to the content of the statement, not merely the fact the defendant violated rules of procedure or courtroom decorum" and noting that defendant's "comments were relevant to the issue being addressed"); *see also Moore v. State*, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999) (rejecting contention that defendant's "unruly and disruptive courtroom demeanor are probative of incompetence to stand trial" because a contrary conclusion would allow one to "effectively avoid criminal justice through immature behavior"); *Lopez v. State*, No. 04-12-00568-CR, 2013 WL 6533183, at *7 (Tex. App.—San Antonio Dec. 11, 2013, no pet.) (mem. op., not designated for publication) (explaining that "while there is evidence that [the defendant] refused to cooperate with his attorney prior to trial, and sometimes interrupted the proceedings by speaking out loud, and sometimes failed to follow instructions, nothing in the

record supports a rational inference that his conduct . . . was a product of mental illness rather than mere obstinacy" (internal quotation marks omitted)). In fact, the trial court may consider whether the outbursts were made for the purpose of obstructing the trial rather than an expression of a mental illness that caused him to be incompetent to stand trial. *See Ramos v. State*, No. 13-22-00293-CR, 2023 WL 8850088, at *11 (Tex. App.—Corpus Christi–Edinburg Dec. 21, 2023, no pet.) (mem. op., not designated for publication) (holding trial court did not abuse discretion in failing to reevaluate defendant's competency when evidence showed only that his "false or nonsensical statements" and outbursts were made purposefully in order to obstruct trial); *see also Duong v. State*, No. 02-18-00128-CR, 2019 WL 3334426, at *7 (Tex. App.—Fort Worth July 25, 2019, no pet.) (mem. op., not designated for publication) (finding that the trial court could have reasonably concluded that it was facing a disruptive but competent defendant intent on stopping the trial and therefore the trial court did not abuse its discretion by failing to conduct a competency hearing).

Even though Appellant highlights that he had an earlier psychiatric evaluation and points to portions of the record in which he interrupted the proceedings, given the nature, timing, and cause of his interruptions, and the remainder of the information before the trial court, we cannot conclude that the trial court abused its discretion by failing to conclude that there was a current suggestion that Appellant had neither a sufficient ability to rationally consult with his attorney nor a rational and factual understanding of the proceedings against him. *See Vaughan v. State*, No. 03-22-00038-CR, 2023 WL 2696688, at *5–9 (Tex. App.—Austin Mar. 30, 2023, no pet.) (mem. op., not designated for publication) (analyzing same issue in similar case and holding trial court did not abuse discretion in finding no evidence of incompetency when defendant changed demeanor during trial, made repeated outbursts, had a mental illness but did not show any evidence it caused incompetency, he expressed desire to not attend trial, was absent from courtroom following day, and transport officer and trial counsel testified concerning defendant's voluntariness of absence, his demeanor, and opined he was competent); *Phillips v. State*, No. 05-16-00850-CR, 2017 WL 2875522, at *1–2 (Tex. App.—Dallas July 6, 2017, no pet.) (mem. op., not designated for publication) (determining that defendant's decision to remain in cell rather than go into courtroom during revocation hearing against counsel's advice did not suggest incompetency).

In summary, this is "a case in which there is some evidence of mental illness but no evidence from which it may reasonably be inferred that the defendant's mental illness renders him incapable of consulting rationally with counsel." *See* **Turner**, 422 S.W.3d at 696. In other words, there was no evidence before the trial court "that would support a finding that the defendant may be incompetent to stand trial." *See* TEX. CRIM. PROC. ANN. art. 46B.004(c).

Accordingly, Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00094-CR**

**FREDERICK JOVON EVANS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-20-34449)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*